ELVIRA A. FULLER, EXECUTRIX, v. MARY A. CODDINGTON ET AL.
No. 6683.

1.   **Equitable Title—Evidence.**—Land was patented June, 1871.   June, 1883, suit was brought against defendants holding under the patent, the plaintiff alleging that her testator owned the survey and was part owner of the certificate under which it was patented, and was entitled to patent.   *Held,* that after such lapse of time in order to overturn the legal title the evidence adduced to establish the equitable claim should be clear and convincing.

2.  **See Facts** held insufficient to prevail against the legal title in the defendants when urged more than ten years after the land was patented to the vendors of the defendants.

APPEAL from Fannin.   Tried below before Hon. D. H. Scott.

The conclusions of facts and of law drawn in question in this appeal are given in full.

" 1.   Certificate for 2910 acres was issued to Thomas Stalcup August 2, 1845.

" 2.   Deed from Thomas Stalcup to Rice Smith for 756.66 acres of said certificate August 4, 1845.

" 3.   Rice Smith died about *1844,* leaving surviving him his wife Mary (afterwards married James Chambers) and four children, viz.:  Elizabeth, married to James Bohannan; Phœbe, who married David Bohannan; Thursy, who married William Bohannan; and Rice Smith, Jr.   The daughters were married prior to January 1, 1885.

" 4.   Mary and James Chambers conveyed to C. J. Fuller 378.33 acres of said certificate March 18, 1854.

" 5.   October 20, 1857, Thursy and William Bohannan, and Phœbe and David Bohannan, and Elizabeth and James Bohannan conveyed to C. J. Fuller all of their interest in said 756.66 acres of said certificate.

" 6.   August 28, 1865, Rice Smith, Jr., conveyed to George Stalcup all the right, title, and interest undivided in and to 756 acres of the Thomas Stalcup certificate, including about 63 acres.   *   *   *

" 7.   George Stalcup conveyed same interest to E. A. Fuller by deed dated 1867. .

" 8.   Thomas Stalcup conveyed to Hugh Braley 756.66 acres of said certificate August 4, 1845.

" 9.   The Hugh Braley interest in certificate was located and patented to said Hugh Braley in Fannin County.

" 10.   Thomas Stalcup transferred to W. T. Braley and Eli Merrill 756.66 acres of said certificate August 4, 1845.

" 11.   The defendants are the only heirs of W. T. Braley and Eli Merrill.

" 12.   July 17, 1854, 304 acres of said certificate was located and surveyed in Fannin County in name of Calvin J. Fuller, assignee, being one of the tracts in controversy.

" 13.   May 21, 1854, 440 acres of said certificate was located and surveyed in name of Calvin J. Fuller, assignee of Thomas Stalcup, upon an older survey claimed by Thomas Smith, and lifted by a letter addressed to the Land Office dated February 26, 1855.

" 14.   April 30, 1855, 452 acres of land was located and surveyed in Fannin County, as shown by the surveyor's records of Fannin County, for Calvin J. Fuller, assignee of Thomas Stalcup.   The certified copy

from the Land Office shows the name of 'Calvin J. Fuller, assignee,' erased from the field notes.

"15.   The copies of the said transfers from Stalcup to W. T. Braley and Eli Merrill from Fannin County records were filed in the General Land Office with the field notes of the 452⅔ acres survey on 22d day of April, 1857, and said field notes were filed in the Land Office May 12, 1855, and field notes of the 304 acres filed in Land Office January 10, 1855.

"16.   Both surveys were patented to W. T. Braley and Eli Merrill, assignees of Thomas Stalcup, June 28, 1871.

"17.   Eli Merrill died in Texas in 1855, and W. T. Braley was never in Texas after 1852, and died in Missouri in 1873.

"18.   Calvin J. Fuller died in 1878, and plaintiff is the qualified and acting executrix of his will.

"19.   Defendants never rendered or paid taxes on this land.   Plaintiff has paid taxes from 1878 until one year before the bringing of this suit.   C. J. Fuller in his lifetime rendered for taxes 600 acres of the Thomas Stalcup survey during the years 1857, 1858, and 1859, and during the years 1871, 1872, and 1873 he rendered for taxes 756.66 of said certificate.   All of said renditions were made in one survey and under the abstract number of the 756⅔ acres patented to Hugh Braley, assignee of Thomas Stalcup, which is a different tract of land from that in controversy, situated in Fannin County.

"20.   July 14, 1857, Thomas Stalcup transferred to C. J. Fuller 640 acres of said certificate.

"21.   There was located in Grayson County, Texas, on the 19th day of September, 1858, 640 acres of land for C. J. Fuller, assignee of Thomas Stalcup's certificate.

"22.   Find that C. J. Fuller in his lifetime told James Carpenter that he located the 452⅔ acres for some heirs about thirty years ago, and refused to sell Carpenter timber off of the land, telling him that the land was not his, but that he located it for some heirs."

Conclusions of law:

"1.   I conclude from these facts and the various circumstances of the case that the 304 acres of land was located by Fuller by virtue of the interest he had bought in the Thomas Stalcup certificate from Mrs. Chambers of 378⅓ acres, and that the patent was wrongfully issued to Braley and Merrill for that tract.

"2.   I conclude that the 452⅔ acres was located for Braley and Merrill, as Fuller at the time of the location had no interest in this certificate to cover that location, and none to locate so far as the evidence shows except the Braley and Merrill, and that the filing of their transfer with these field notes entitled them to the patent."

Suit was filed June 29, 1883.   Judgment rendered September, 1887.

Plaintiff appealed from the judgment against her as to the 452-acre tract. Other matters are stated in the opinion.

*Richard B. Semple,* for appellant, cited De Montel v. Speed, 53 Texas, 339; Gullet v. O'Conner, 54 Texas, 408; Sherwood v. Fleming, 25 Texas Supp., 409; Dikes v. Miller, 24 Texas, 417.

*Bramlette & Steger* and *Taylor & Galloway,* for appellees.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellant as the executrix of the will of Calvin J. Fuller, deceased, to recover two tracts of land lying in Fannin County which were located and patented by virtue of a certificate granted to one Thomas Stalcup for 2910 acres of the public domain.  On the 4th of August, 1845, Stalcup conveyed to Rice Smith and Hugh Braley each an undivided interest of 756⅔ acres in the certificate, and on the same day a like interest to W. T. Braley and Eli Merrill jointly.  Subsequently Hugh Braley located his interest in the certificate, but neither his rights nor the land located by him are in any manner involved in this controversy.  The remaining 640 of the certificate was conveyed by Stalcup to C. J. Fuller after the location of the land in controversy, and was located by him on a tract of land in Grayson County.

It is conceded by both parties that neither that transfer nor location in any manner affects the merits of this suit.  The testimony shows that Rice Smith died in 1844, which is presumed to be a mistake, since the transfer of Stalcup to him is dated in 1845.  He left a widow and children.  His widow conveyed her interest in the certificate, amounting to 378⅓ acres, to C. J. Fuller on the 18th of March, 1854.  Fuller acquired no other interest in the certificate until the lands in controversy were located.  On July 17, 1854, he located the certificate upon the 304-acre tract in his own name as assignee.  On April 30, 1855, he located the other tract in controversy in the same manner.  The field notes of the latter survey in the surveyor's office recite that the survey was made for "Calvin Fuller, assignee of Thomas Stalcup."  In the copy of the field notes of this survey filed in the General Land Office the words "Calvin Fuller, assignee of" appear to have been originally written but to have been crossed out.  These field notes were filed in the General Land Office May 12, 1855, and on April 22, 1857, the transfer of 756⅔ acres of the certificate from Stalcup to W. T. Braley and Eli Merrill was filed in the General Land Office with the field notes.  On the 28th of June, 1871, patents were issued to both tracts in controversy to W. T. Braley and Eli Merrill, as assignees of Thomas Stalcup.  The defendants claimed under Braley and Merrill.  After the land in controversy was located Smith's heirs conveyed their interest in the land to Fuller.  The cause was sub-

mitted to the court without a jury and judgment was rendered for the plaintiff for the tract of 304 acres and for the defendants for the tract of 452⅔ acres. The defendants have not appealed, so that only the title to the latter tract is now in question before us.

The trial judge in his conclusions found the facts substantially as detailed above, and his findings of fact are not excepted to. It is however complained that the court erred in concluding that the location of the tract of 456⅔ acres was made for Braley and Merrill, and that the plaintiff was not entitled to recover it. We think however there was no error in the court's ruling. It must be borne in mind that the defendants had by virtue of the patent issued to Braley and Merrell the legal title to the land. The evidence by which it was sought to establish the plaintiff's equity consisted mainly in the fact that the field notes in the surveyor's office recited that the survey was made for Fuller as assignee. At the time of the survey Fuller had only an unlocated balance of 74½ acres in the certificate, hence it could not have been made wholly for him. The fact that when the field notes were filed in the Land Office his name was stricken out would indicate that he was not claiming anything under the survey. It is true there is some evidence tending to show that he said he made the survey for "some heirs," but he did not say the Smith heirs. There is also some evidence tending to show that he may have at one time intended to pay tax on the land, and that it was known as the Fuller land after he took a conveyance to it from the heirs of Rice Smith. Indeed his purchase from these heirs tends to show that he thought the survey was made for them.

But we are of opinion that after this long lapse of time in order to overturn a legal title the evidence adduced to establish the equitable claim should be clear and convincing. If we were permitted to disregard the fact that the land had been patented to the ancestors of the defendants for more than ten years before the suit was brought we might conclude that the weight of the evidence showed the location was made for Smith's heirs, and not for Braley and Merrill, but as the case is presented to us we deem it only necessary to say that the evidence adduced by the plaintiff is not sufficient to prevail against the clear legal title to the land which is shown to be in defendants by the patent from the State.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered June 14, 1889.