WILLIS ROBERTS v. ESTHER LONGLEY ET AL.

COMMUNITY ESTATE—EVIDENCE.—The testimony by a widow that "she was acting in the capacity of surviving wife of her deceased husband," is not evidence that she had properly qualified to enable her to control the community estate; that is a question of law, to be established by proof of the facts which give such authority.

APPEAL from Smith.    Tried below before the Hon. Z. Norton.

Esther Longley, as widow of J. W. Longley, and as next friend of George W. and John W. Longley, minors, sued Willis Roberts, alleging that she was widow and the minors were the children of J. W. Longley, deceased; that on October 1, 1864, she, acting in her fiduciary capacity, traded to the defendant two accounts due by the trustees of the Baptist Church to the deceased, J. W. Longley, for eight hundred and seventy dollars, for which defendant was to pay in cotton at its then market price, which it was alleged was five cents per pound.

Roberts pleaded statute of limitations and payment.

The jury returned a verdict for $732.50, principal and interest, in favor of the minors, being for the half interest in the account sued on.

Motion for new trial overruled. The opinion sufficiently shows the facts of the case.

*Stephen Reeves* and *R. B. Hubbard,* for appellant.

*Robertson & Herndon,* for appellees.

Gould, Associate Justice.—The record shows a bill of exceptions to the ruling of the court in admitting testimony; but as that ruling is not assigned as error, it will not be noticed.

The only other position urged in appellant's brief is that the court erred in refusing a new trial. As to the main issues of fact, it is sufficient to say that the evidence was conflicting, and that a verdict either way would not be disturbed. But it is said that Mrs. Longley testified " that she was acting in the capacity of surviving wife of her dead husband;" and it is argued that this testimony, in the absence of other evidence, establishes conclusively that she had properly qualified under the statute as surviving wife, was competent as such to control the interest of the minors in the community estate, and that the statute of limitations having been plead, and the time being clearly sufficient, the entire claim was barred. We cannot regard Mrs. Longley's evidence as meaning more than that she was the wife of —— Longley, deceased. Whether she had properly qualified to enable her to control the community estate was a question of law, and not a fact to which any witness could testify. If the facts requisite to give her that authority existed, they certainly could easily have been established.

The jury found only in favor of the minors, and the judgment follows the verdict.

We see no error in the judgment, and it is accordingly affirmed.

Affirmed.