FRED. CARLETON ET AL. V. C. LOMBARDI.

No. 6957.

1. **Quitclaim.**—Appellant Carleton received a deed without warranty for all of the grantor's "right, title, interest, and claim in and to" the land in controversy. It appeared that Carleton had no notice of an older deed from his grantor, but it did not appear how or how much he had paid to his grantor. *Held*, under such circumstances the deed could only be construed as a quitclaim of the chance of the land and not a deed for the land.

2. **Registration of Deed—Limitation of Five Years.** — Carleton showed adverse possession for more than five years under the conditions prescribed by statute of five years limitation. The deed under which he claimed was signed by F. W. Chandler. The certificate of acknowledgment showed that it was acknowledged by T. W.

Chandler. The clerk in registering the deed wrote it as if made and acknowledged by F. W. Chandler. *Held*, that the acknowledgment by T. W. Chandler of a deed from F. W. Chandler did not prove it for registration, that the deed was not duly registered, and that the certificate of acknowledgment was properly excluded from the jury.

APPEAL from Williamson. Tried below before Hon. Wm. M. Key. The opinion states the case.

*N. G. Shelley* and *Fred. Carleton*, for appellants.—1. The said instrument purporting to be a deed from F. W. Chandler to Fred. Carleton, having attached to it a certificate of acknowledgment substantially in the language of the statute, made by an officer duly authorized by law to take acknowledgments, and having also attached thereto a certificate of the County Clerk of Williamson that the same had been recorded on the county records of Williamson County, was entitled to be admitted in evidence if no affidavit had been filed that the said deed was a forgery. Rev. Stats., arts. 2257, 4308, 4309, 431; Schramm v. Gentry, 63 Texas, 583; Blythe v. Houston, 46 Texas, 67; McDonald v. Morgan, 27 Texas, 504.

2. The defendants, having shown by the testimony that Fred. Carleton, the defendant, had been in possession by his agents of the land in controversy for more than five years, paying taxes regularly thereon, under a deed duly recorded on August 14, 1877, should have had judgment rendered in their favor under their plea of limitation of five years, notwithstanding the plaintiff may have shown a superior legal title.

3. The defendants, having shown that the defendant Fred. Carleton in good faith and for a valuable consideration purchased from F. W. Chandler, under whom all the parties hereto claim, who conveyed the same to him by deed, and that at the time the said deed was made he (said Carleton) had no notice either actual or constructive of any deed from said Chandler to any one, were entitled to a judgment for the said land and for their costs. Harrison v. Boring, 44 Texas, 257; Taylor v. Harrison, 47 Texas, 454.

*Fisher & Townes*, and *Rector, Thomson & Rector*, for appellee.—1. The court was right in excluding the deed from F. W. Chandler to Fred. Carleton to the land in controversy, when offered as a recorded instrument under the statute. It was acknowledged by T. W. Chandler. Pasch. Dig., arts. 5007, 5010; Rev. Stats., art. 4309; Huff v. Webb, 64 Texas, 284; Hill v. Redden, 16 Pac. Rep., 743; Tully v. Davis, 30 Ill., 103; Rodgers v. Adams, 66 Ala., 60; Wickersham v. Reeves, 1 Iowa, 413.

2. After the court ruled out the deed from Chandler to Carleton as a properly recorded instrument, all the evidence of five years posses-

sion under said deed was irrelevant, and appellee had no concern therewith.    3 Washb. on Real Prop., 478; Curtis v. Deering, 12 Me., 499; Funk v. Creswell, 5 Iowa, 66.

3.    Appellant Carleton was not an innocent purchaser of the land in controversy from F. W. Chandler.    The deed from F. W. Chandler to Fred. Carleton, appellant, is dated December 27, 1876, and is in form a quitclaim deed of "all my right, title, and interest and claim in and to" the land by Mr. Chandler.    The deed by Chandler to Mills of the same land is a general warranty deed, dated the 15th of March, 1869. This deed was witnessed by appellant Fred. Carleton, but recorded after the deed to Carleton.    Mr. Carleton, the appellant, was a lawyer when he took this deed from Chandler, and understood what was a quitclaim deed and what constituted an innocent purchaser.    Thorn v. Newsom, 64 Texas, 164; Richardson v. Levi, 67 Texas, 359; Rodgers v. Burchard, 34 Texas, 452; Harrison v. Boring, 44 Texas, 255; Hamman v. Keigwin, 39 Texas, 42; Milam County v. Bateman, 54 Texas, 168; Carter v. Wise, 39 Texas, 274.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellee.    The defendants pleaded not guilty and the statute of limitations of five years.

F. W. Chandler was the common source of title, and the plaintiff's evidence was sufficient to show such a title under him as required a judgment in his favor unless it was defeated by evidence of a superior right in the defendants.    The case of the defendants depended upon their showing either that the defendant Carleton was a purchaser for value and without notice or that he was entitled to the benefit of the five years statute of limitations.

F. W. Chandler conveyed the land to Samuel H. Mills by his deed dated the 15th day of March, 1869, containing a clause of general warranty.    This deed, through which the plaintiff claims, was not recorded until the 9th day of February, 1878.    On the 27th day of December, 1876, for the express consideration of $640, the said F. W. Chandler made to the defendant Carleton a quitclaim deed conveying to him, without warranty, all of his "right, title, interest, and claim in and to" said tract of land.    The evidence sufficiently established that Carleton purchased without notice of the first deed, and that he paid for the land a valuable consideration.

In the case of Harrison v. Boring, 44 Texas, 262, it was said by this court that "not only the terms of the deed but the adequacy of the price given, and other circumstances attending the transaction, may serve to show, when brought in evidence, whether the purchaser bought the land or bought merely the title."    Giving to Carleton the benefit of this rule, we can find nothing in the evidence to aid the sale to him or

to show that it was other than what the terms of the deed indicate—a sale of the chance of Chandler's title.

Carleton testified that he paid the consideration for the land in controversy with other land, but that he did not know with what lands he made the payment. As he stated neither the quality, quantity, nor the value of the land conveyed by him in exchange, he failed to aid in giving character to the conveyance to him by showing that he paid an adequate consideration.

The record fails to develop such a state of facts as entitle Carleton to protection as a purchaser for value without notice. His right to hold the land under his plea of the statute of limitations of five years depends upon the question whether his deed was properly recorded.

The original deed is before us as part of the record. It is signed with the name of the grantor, F. W. Chandler. The certificate of the notary public upon which a record of it was made states that it was acknowledged by T. W. Chandler. It is not unlikely that the officer who wrote the certificate made the mistake of taking the F in the signature of the grantor for a T, but there can be no mistake about the initial written by him in his certificate being T, and not F.

The officer certified that T. W. Chandler was known to him and that it was he who made the acknowledgment. The certificate that he knew the party must be held to include that he knew his name and that he gave it correctly in the certificate. Presumptions can not be indulged contrary to the facts stated in the certificate. An acknowledgment of a deed by a person named T. W. Chandler is not proof upon which one executed by F. W. Chandler may be lawfully recorded. It appears that the clerk who made the record inserted in the certificate, as recorded, the letter F instead of the letter T. He made the change without authority, as the statute required him to make the record by entering the certificate "word for word and letter for letter." Rev. Stats., art. 4298.

As it appears that the deed was neither acknowledged nor recorded properly, the defense of limitation failed.

In view of our conclusions upon the issues mentioned, other questions presented by the assignments of error become unimportant.

The judgment is affirmed.

*Affirmed.*

Delivered June 12, 1891.