JUAN S. HART V. MILLARD PATTERSON ET AL.

Delivered December 1, 1897.

**Sale of Realty by Substitute Trustee—Omission in Recording.**

The omission from the record of a deed of trust of the provision for the substitution of a new trustee in case of the disqualification or refusal to act of the original trustee, does not defeat a deed executed by a substituted trustee under the power of sale which is set out in the record, as against an intervening attaching lien creditor without actual notice, as the record imparts notice of all the essential facts, and the omission could not have misled the creditor. Article 4640, Revised Statutes (recording act), construed.

APPEAL from El Paso. Tried below before Hon. A. G. WILCOX, Special Judge.

*Davis, Beall & Kemp,* for appellant.

*W. B. Brack* and *Millard Patterson,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by Millard Patterson, George E. Fitzgerald, and C. N. Buckler, to recover of appellant a certain tract of land in the city of El Paso. Appellant pleaded not guilty, and specially pleaded his title as coming through a sheriff's sale, made by virtue of an order of sale issued in a certain suit numbered 991, and styled Juan S. Hart v. C. C. Fitzgerald, said sale having taken place on April 5, 1892. It was also alleged that prior to July 19, 1888, date of the levy of his attachment on the land, to wit, on June 30, 1888, C. C. Fitzgerald had executed a deed of trust on the land in question to secure one O. T. Bassett in the payment of a promissory note for $1000; that in March, 1889, said note was fully paid off by C. C. Fitzgerald, and was fraudulently transferred to J. A. Buckler, and that he had one C. N. Buckler substituted as trustee in place of C. K. Morehead, who was the original trustee named in the mortgage; that afterwards a sale was made by the substitute and J. A. Buckler purchased the same for C. C. Fitzgerald, and afterwards fraudulently transferred the same at the instance of C. C. Fitzgerald to the International Smelting Company, of which Fitzgerald was the president and a shareholder. It was also alleged that there was no authority in said deed of trust for a trustee being substituted, and that said sale was void because made by the substitute trustee. Appellant prayed that if his title through the sheriff's deed should be held defective, his judgment lien be recognized and his rights established.

The case was tried by jury and a verdict was returned in favor of appellees.

It was proved that on June 30, 1888, C. C. Fitzgerald executed to C. R. Morehead, trustee, a deed of trust on the land in controversy to secure O. T. Bassett in the payment of a promissory note for $1000, and that there was the following provision in the deed of trust: "It is hereby

specially provided, that should the said C. R. Morehead, from any cause whatever, fail or refuse to act, or become disqualified from acting as such trustee, then the said O. T. Bassett shall have full power to appoint a substitute in writing, who shall have the same powers as are hereby delegated to the said C. R. Morehead," etc. The deed of trust was deposited for record on date of its execution, and as recorded read: "Should the said C. R. Morehead, from any cause whatever, fail or refuse to act or become disqualified from acting as such trustee, then the said O. T. Bassett shall have the same powers as are hereby delegated to the said C. R. Morehead." In other words, the language in the deed of trust giving to Bassett the power to appoint a substitute was omitted from the record, and it was contended by appellant that he was affected with notice only of those parts of the deed of trust that were recorded, and that, although the power of substitution was really given in the deed of trust, yet being omitted from the record, the sale by the substitute was, as to him, void, he being a creditor of C. C. Fitzgerald, who had obtained a lien by attachment. The other point raised in the answer, that Fitzgerald had in point of fact paid off and discharged the debt due by him to Bassett before the sale by the substituted trustee, was properly submitted to the jury and found adversely to appellant. Therefore, the disposition of this cause hinges upon the conclusion reached on the question of whether the omission in the registration of. the deed of trust rendered the sale by the substituted trustee invalid as to a lien creditor.

It is provided by article 4640 of the Revised Statutes, that "all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law, but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding." It is settled by a number of decisions that the creditors referred to are those who have obtained a lien upon the property, and that they are only affected with notice of facts shown by the record. "And while it is a conclusion of law which can not be disputed, that subsequent purchasers and creditors are charged with notice of all the facts shown or exhibited by the record, it has never been held that they were bound or affected by a record which does not give notice of a valid conveyance of the property in question, but merely gives information which, if in fact communicated to such creditor or purchaser, might have been reasonably sufficient to put him on inquiry, though, had such inquiry been made, the existence of a prior incumbrance not properly recorded might have been ascertained. It is therefore held that a deed not properly acknowledged or proved for record, although in fact duly executed, will not operate as notice of such deed; and though it may have been duly proved or acknowledged for record, if, in some material respect, it has been improperly recorded, the same result follows from such omission, and the record will only give notice of the existence

of such an instrument as that exhibited by it." Taylor v. Harrison, 47 Texas, 454; McLouth v. Hart, 51 Texas, 115.

The same doctrine is enunciated in text-books and decisions of other States, under similar statutes to ours. Webb on Record of Title, secs. 16-18; Jones on Real Prop. and Conv., sec. 1469, and authorities cited; Dev. on Deeds, sec. 685; 2 Pom. Eq. Jur., 654. It will be noted that the error in the record must be as to some material matter, and the doctrine is based upon the principle that it is better that the party who has attempted to have an instrument recorded and has failed, should suffer rather than others who may consult the records. Let the test by applied to the facts in this case. When the attachment lien was obtained by appellant there was on record in El Paso County a duly executed and duly acknowledged deed of trust which recited a lien upon the property attached and gave full notice that a power of sale was given; the description of the property was clear and explicit. How was it material to appellant whether the deed of trust was to be executed by the trustee, by the beneficiary, or a substitute? How could the manner of execution of the trust, or the identity of the trustee, affect his interests in any manner? He was constructively apprised of every vital fact in connection with the subject matter. If he desired to be present at the sale and bid on the land so as to make it sell for enough to cover his lien, he could have done it just as well with C. N. Buckler selling it as with C. R. Morehead doing it. Appellant was not misled by the omission from the record, for he was given constructive notice of the power to sell in the deed of trust and could not have obtained his lien with reference to the acts of a substitute who had not been appointed. The rule, as laid down by Pomeroy in the section above cited, is that "the record will not be a notice, unless it and the original instrument of which it is a copy correctly and sufficiently describe the premises which are affected, and correctly and sufficiently state all the other provisions which are material to the rights and interests of subsequent parties," and that rule is not contravened in holding that this record was sufficient. The position appellant occupied in relation to the lien was in no wise affected by the omission in the record of the deed of trust, and the jury having found for appellees on the question of fraud, it follows that the sale under the trust deed was a valid one and title passed to appellees.

This view of the case renders a discussion of the other points raised unnecessary, and the judgment will be affirmed.

*Affirmed.*

Justice NEILL did not sit in this case.