**ALLISON et al. v. BAIRD DEVELOPMENT CO. et al. (No. 1975.)**

Court of Civil Appeals of Texas. El Paso. March 3, 1927.

1. **Adverse possession** ⬥82—Deed, record of which showed grantor's name as "Mayes," instead of "Mayer," held not "duly registered," and insufficient to support claim under five-year statute (Rev. St. 1925, art. 5509).

Where record of deed given by one Max Mayer showed grantor's name as "Mayes," deed was not duly recorded, hence was insufficient to support claim under five-year statute of limitation (Rev. St. 1925, art. 5509).

2. **Appeal and error** ⬥673(2)—Failure to show date of original complaint in action of trespass to try title by limitation shortly after expiration of prescriptive period held to preclude reversal of judgment for defendant.

In suit in trespass to try title, where amended complaint asserting title under five-year statute of limitation was filed on March 9, 1926, and where plaintiffs admitted failure to pay 1920 taxes until delinquent, thereby limiting their prescriptive period to the years 1921

and thereafter, *held*, judgment for defendants would not be reversed, in absence of showing in some way that original complaint was filed subsequent to January 1, 1926, when prescriptive period ended.

**3. Appeal and error ⬤⇒901—Judgment, being presumed correct, will not be reversed unless error is affirmatively shown by record.**

Reversal of judgment is not warranted unless error is affirmatively shown by record; judgment being presumptively correct, and no presumption being indulged for purpose of reversal.

**4. Appeal and error ⬤⇒901—Burden of showing error in judgment rests on appellant.**

Burden to show error in judgment rests upon party appealing therefrom.

**5. Appeal and error ⬤⇒518(4)—In suit based on five-year statute of limitation, original petition or filing date thereof should be shown by record on appeal (District Court Rules 14, 83).**

Under District Court Rules 14, 83, original petition in trespass to try title under five-year limitation statute, though amended, should be incorporated in transcript, or date of filing thereof otherwise shown by record, to enable court on appeal to determine question of limitation at time of filing suit.

**6. Appeal and error ⬤⇒671(3)—Judgment should not be reversed upon surmise unsupported by record.**

Judgment should not be reversed upon surmise or conjecture based on mere allegations of truth of which record contains no evidence.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Suit by Geo. S. Allison and others against the Baird Development Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. H. Lipscomb and L. J. Wardlaw, both of Fort Worth, for appellants.

Howell Johnson and Jos. G. Montague, both of Fort Stockton, and W. E. Loose, of El Paso, for appellees.

HIGGINS, J. Appellants brought this suit in trespass to try title to recover seven sections of land. The case was tried without a jury and judgment rendered for defendants. The plaintiffs in their first amended petition upon which the case was tried set up title in themselves under the five-year statute of limitations (Rev. St. 1925, art. 5509). On January 12, 1918, defendants owned the land in fee simple, and they have paid taxes thereon ever since. On that date Max Mayer, apparently a stranger to the title, executed a general warranty deed duly acknowledged, covering the land, to the plaintiffs, which was filed for record January 16, 1918, and recorded two days later. In recording and indexing the deed, evidently by error of the clerk, the grantor's name was written "Max Mayes."

Plaintiffs have rendered the land for taxation and paid taxes thereon every year since the date of the deed, and before they became delinquent, except that taxes for the year 1920 became delinquent but were paid by plaintiffs shortly after they became delinquent; the exact date of such payment not being shown. Ever since the date of the deed plaintiffs have had peaceable, exclusive, continuous, and adverse possession of the land claiming under said deed.

Appellants present but one proposition, as follows:

"A deed will be deemed to have been 'duly registered,' within the meaning of the five-year statute of limitation, where, though not recorded with precise accuracy, the omission is one of an immaterial nature."

We agree with appellants that the authorities they cite support the view that an error or omission in the record of a deed which does not defeat the purpose of the required record is regarded as immaterial and will not affect the rights of those claiming under the defectively recorded instrument. Woodson v. Allen, 54 Tex. 551; Hart v. Patterson, 17 Tex. Civ. App. 591, 43 S. W. 545. In Flanagan v. Boggess, 46 Tex. 330, it was said that the object of the statute, in making registry of the deed necessary to enable the possessor to avail himself of the five years' limitation, is to give notice to the owner that the defendant in possession is claiming under the deed; and if there is such falsity or uncertainty of description as that it will not answer the purpose intended, it cannot be considered a deed duly registered under the statute. There are but few cases in this state which arose over an error in the record. Most of them, wherein the object of the five-year statute of limitation, requiring the due registration of the deed or deeds under which the possessor claims, became pertinent, involved the sufficiency of the description contained in the deed rather than an error in the record.

[1] Appellants assert that the record of his deed—though erroneous in the particular noted—was sufficient to notify the owners that he was claiming under a deed from Max Mayes; the purpose of the statute thus accomplished and the error in the record therefore immaterial. This contention must be overruled under the authority of Carleton v. Lombardi, 81 Tex. 355, 16 S. W. 1081. In that case the defendant claimed under a deed executed by F. W. Chandler. The certificate of acknowledgment named the grantor as T. W. Chandler. The clerk in recording the deed inserted in the certificate as recorded the letter "F" instead of "T." In disposing of the plea of limitation, Justice Henry said the clerk made the change without authority, as the statute required him to make the record by entering the certificate "word for word

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes .

and letter for letter." Rev. St. 1879, art. 4298. "As it appears that the deed was neither acknowledged nor recorded properly, the defense of limitation failed." In the present case the record of the deed shows that the grantor named in the body of the deed was Max Mayes; the signature and notary's certificate so designate him. Under the authority of Judge Henry's ruling, we do not think this can be considered due registration of a deed executed and acknowledged by Max Mayer, and such record will not support the five years' statute of limitations.

[2] But if mistaken in this view, there is another reason why the judgment must be affirmed in the state of the record here presented. The case was tried upon the plaintiff's first amended petition, filed March 9, 1926. The defendants answered by general denial and plea of not guilty. The record does not contain the plaintiff's original petition. The date of its filing is not disclosed by the amended petition as required by district court rule 13; nor is it otherwise shown by the record.

[3-5] The failure of the plaintiffs to pay taxes for the year 1920, before they became delinquent, excludes from their prescriptive period the year 1920 and preceding years. Baker v. Fogle, 110 Tex. 301, 217 S. W. 141, 219 S. W. 450. It was incumbent upon the plaintiffs to show title under the five-year statute acquired before the suit was filed. They were thus limited in their prescriptive period to the years 1921, 1922, 1923, 1924, and 1925. The suit must have been filed on or subsequent to January 1, 1926. If filed prior to that time, the necessary prescriptive period had not elapsed. There is nothing to indicate the theory upon which the trial court based its judgment. This judgment is presumptively correct, and its reversal is not warranted unless error is affirmatively shown by the record. The burden of showing error rests upon the appellant. These are well-settled rules (see cases cited 1 Michie, Digest, 715), and a fortiori no presumption will be indulged for the purpose of reversing the judgment. Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 771. In order to reverse this judgment it must be held that plaintiffs acquired title under the five-year statute of limitations prior to the filing of the suit, and to so hold it must be assumed the suit was filed subsequent to December 31, 1925. To so assume would be to presume that which is not disclosed by the record. In support of the judgment the presumption to the contrary prevails. Had the judgment been in favor of the plaintiffs, the presumption would be that it was so filed. Moody v. Moeller, 72 Tex. 635, 10 S. W. 727, 13 Am. St. Rep. 839. When the question of limitation, such as here presented, arises in the trial court, that court has the entire record before it and can look to superseded pleadings for the purpose of determining the issue; but this court has before it only what is shown by the record here filed. Railway v. Speights, 94 Tex. 350, 60 S. W. 659. District court rules 14 and 84 apply in a case like this. Under rule 14 a pleading superseded by amendment is no longer regarded as a part of the pleading in the record of a case unless it is necessary to look to the same upon some question of limitation. Rule 83 provides that in making a complete record as prescribed by statute, all pleadings superseded by amendment, except such as are specified in rule 14, shall be left out of the record. Under these rules the original petition should have been incorporated in the transcript, or the date of its filing otherwise shown by the record, so that this court could determine whether the plaintiffs had acquired title by limitation at the date the suit was filed.

[6] The amended petition alleges that plaintiffs were seized and possessed of the lands on February 1, 1926, and were ejected on that date. From this it may be surmised the suit was filed thereafter, but this would be mere surmise for these allegations may or may not correspond with the allegations of the original petition. A judgment should not be reversed upon surmise or conjecture based upon mere allegations of the truth of which the record contains no evidence.

Finding no error upon the record as it is here presented, the judgment is affirmed.