## MOODY'S HEIRS v. VALENTINE MOELLER.

### No. 2627.

1. **Limitation—Presumption.**—When under a plea of limitation of ten years it appears from the record that the defendant who set up the plea had occupied the land with exclusive possession since 1873, he alleging in his plea that such possession was "continuous, adverse, and peaceable to this date," and the record failed to disclose when the suit was begun on which final judgment was rendered in 1886, *held:*

1. It will be presumed, no objection being filed to the plea, that the plea was designed to charge that the possession was peaceable until the commencement of the suit.

2. The court having sustained the plea of ten years limitation, and the record being silent as to the time when the suit was begun, it will be presumed that ten years of possession had elapsed before the petition was filed.

3. Limitation which begins to run against an ancestor is not stopped in favor of the heir either by minority or coverture.

2. **Marshal's Sale—Void and Voidable.**—A marshal's sale of land under execution made before the door of the United States court house, and not in the county where the land is situate, is void; such a sale is incapable of ratification and may be attacked collaterally. The mere acquiescence of the judgment debtor in such void sale imparts to it no validity.

3. **Same.**—Such a sale presents no bar to the operation of the statute of limitations in favor of one in possession adverse to the judgment debtor.

ERROR from Victoria. Tried below before Hon. H. Clay Pleasants.
The opinion states the case.

*Fly & Davidson* and *Joe L. Hill,* for plaintiffs in error.—A sale under execution made at a place not authorized by law is void only as to interested parties. It can not in a collateral proceeding be used to sustain the title of a trespasser or third party who had no interest in the matter.

Ayers v. Dupree, 27 Texas, 594; Sydnor v. Roberts, 13 Texas, 598; Hawley v. Bullock, 29 Texas, 216; Boggess v. Howard, 40 Texas, 153; Riddle v. Turner, 52 Texas, 145; The Meady Co. v. Aringdale, 58 Texas, 447; Laughter v. Seela, 59 Texas, 177; Shirk et al. v. M. & N. G. C. R. Co., 110 Ill.

Acquiescence by interested parties in a void sale renders the sale valid. Brown v. Christie, 27 Texas, 73; Ayers v. Dupree, 27 Texas, 594; Howard v. North, 5 Texas, 290; Peters v. Caton, 6 Texas, 554; Sydnor v. Roberts, 13 Texas, 598.

The United States Government can not be sued. Thompson v. U. S., 98 U. S., 486, and authorities cited; United States v. Clark, 8 Pet., 436.

The court erred in ruling out said muniments of title in the United States Government as evidence to sustain plaintiffs' replication to defendants' plea of three, five, and ten years limitation and stale demand.

Limitation does not run against the United States. Thompson v. U. S., 98 U. S. 486, and authorities cited; United States v. Kirkpatrick, 9 Wheat., 720.

Laches, however great, can not be imputed to the United States. Thompson v. U. S., 98 U. S., 486, and authorities there cited; United States v. Hoar., 2 Mass., 511; United States v. Williams, 5 McL., 133; Stoughton et al. v. Baker et al., 4 Mass., 521; United States v. Bedford, 3 Pet., 12; Lindsey v. Miller's Trustees, 6 Pet., 666; Gibson v. Chouteau, 13 Wall., 92.

The court erred in holding that the sale to the United States Government having been made in Galveston, and not in the county where the land was situated, was such an irregularity as to render said sale absolutely void, and such as third parties could take advantage of.

The court erred in rendering judgment for defendants under the ten years limitation, upon the ground that the sale to the United States Government was an absolute nullity, and the recognition of its validity by the judgment debtor, and the fact that the United States asserting claim to the land, so that the judgment debtor could not maintain an action to remove any cloud from the title occasioned by such claim by the United States, did not prevent the running of limitation.

C. S. Carsner, for defendants in error. —1. The proceedings on final process from the Federal Courts are governed by the State law. U. S. Rev. Stats., secs. 788, 916; Wayman v. Southard, 10 Wheat., 1.

2. The land involved in this suit being situated in the county of Victoria, and the sale made by the United States marshal having been made in front of the Federal court house door in the city of Galveston, was an act which was not authorized by law, and such an act as can not be classed as an irregularity but is absolutely void and confers no title on any purchaser. Pasch. Dig., art. 3776; Howard v. North, 5 Texas, 310;

Alred v. Montague, 26 Texas, 735; Cassiday v. Norris, 49 Texas, 618; Sinclair v. Stanley, 64 Texas, 67.

3. If the sale by the United States marshal was void, then no act of the parties could cure or validate it.  Brown v. Christie, 27 Texas, 76.

4. The sale by the United States marshal having been made in Galveston, was not only an irregularity and not authorized by law, but was against law and therefore void.  The recognition of the validity of the judgment by the judgment debtor, his offer to compromise it, his pointing out property as subject to levy, and his afterwards not asserting title unless in duty bound to assert title, would not necessarily raise the presumption that he recognized the title of the purchaser.  Neither would it be such an acquiescence as would confer title on the purchaser or estop him to deny it, and being void could be taken advantage of by any one.

GAINES, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought in the court below by plaintiffs in error as the heirs of J. A. Moody against defendants in error to recover a parcel of land in the city of Victoria, known as block 230.  The defendants each claimed a separate parcel of the block and disclaimed as to the remainder.  They pleaded not guilty and the statute of limitations.  The cause was submitted to the judge without a jury, and he gave judgment for the defendants.

Both plaintiffs and defendants claim title under the city of Victoria— the plaintiffs under a sheriff's deed to their ancestor made in 1849, the defendants under a sheriff's deed made to Valentine Moeller, one of defendants, in 1868.

It was admitted on the trial that J. A. Moody, plaintiffs' ancestor, died on March 6, 1874, and it is admitted in the statement of facts "that defendants proved occupancy and exclusive possession of all the block sued for herein since February, 1873, continuous, adverse, and peaceable to this date."  We presume it is meant that the possession was peaceable until the commencement of this suit, the date of which the record does not disclose.  We infer, however, that the petition was filed more than ten years after the adverse occupancy began.  There is a bill of exceptions which shows that the court sustained the defense of the statute of limitations of ten years, and in the absence of the date at which the petition was filed this inference should be indulged in support of the judgment.  The trial was not had until May, 1886.

The plaintiff's ancestor having died after the adverse possession commenced, the statute of limitation continued to run, notwithstanding any disability of coverture or minority that may have existed on part of any one or more of his heirs.  In order therefore to obviate the apparent bar of the statute the plaintiffs offered in evidence a judgment in favor of the United States against J. A. Moody, and another in the District Court of the United States of the Eastern District of Texas, rendered in 1867,

an execution upon the judgment with the return of the marshal showing a levy upon the land in controversy; an order of sale in pursuance of such levy, together with a return and marshal's deed showing a sale of the land to the United States and a conveyance in accordance therewith. The sale was made on the 3d day of November, 1868, "in front of the United States court room in Galveston." The marshal's deed was not executed until the 10th of January, 1884. The delay it seems was caused by an offer on part of Moody to settle or compromise the judgment.

In connection with the foregoing evidence the plaintiffs offered a deed from the United States, dated December 29, 1884, conveying the land to them in consideration of the payment by them of the claim of the Government against their ancestor. All this evidence was excluded by the court upon objection by defendants. This ruling of the court was excepted to at the time, and is now assigned as error.

The ground of objection to the evidence was that the sale by the marshal was made at a place not authorized by law and was therefore void. The question of the validity of a sale by a marshal under an execution from a United States court made before the door of the United States court house instead of the door of the court house of the county where the land is situated came before this court in the case of Sinclair v. Stanley, 64 Texas, 67, and it was there held that such a sale was "not only voidable but void." A voidable sale passes the legal title subject to be avoided by a direct proceeding for that purpose, and it is not subject to a collateral attack. It may be ratified. But a void sale conveys no title, is incapable of ratification, and may be shown to be a nullity even in a collateral proceeding. In all the cases cited by appellants' counsel to support a contrary ruling the sales were held to be voidable and not void.

There was evidence tending to show that plaintiffs' ancestor acquiesced in the sale of his land by the marshal, and appellants insist that because of such acquiescence the sale was made valid. They cite in support of this proposition Brown v. Christie, 27 Texas, 63; Ayers v. Dupree, 27 Texas, 594; Howard v. North, 5 Texas, 299; Peters v. Caton, 6 Texas, 554, and Sydnor v. Roberts, 13 Texas, 598. Howard v. North is the only one of these cases in which the sale was held to be void, and it was there decided merely that if the owner of land sue to set aside a void sheriff's sale he must pay back the purchase money. None of these cases give any countenance to the doctrine that the mere acquiescence by the defendant in execution in a void sale of his land made by the sheriff will give validity to the sale. It follows that the court did not err in excluding the evidence of the marshal's sale offered by plaintiffs. It did not show that any title passed by it to the United States or that the government had any title which passed by its deed to them. Nor did it show any bar to the operation of the statute of limitations. It was not

an obstacle to a suit for the recovery of the land by plaintiffs' ancestor in his lifetime or by them after his death. It is too plain for argument that if plaintiffs had brought suit for the recovery of the property in controversy even before the execution of the deed of the United States to them the defendants could not have set up the claim of the government as an outstanding title to defeat the recovery.

This renders it unnecessary to consider the question whether or not the statute would have run in favor of defendants if the title had been in the United States.

Upon the uncontroverted evidence introduced in the case the defendants showed title by limitations. That offered and rejected was properly excluded, since if it had been admitted it could not have been looked to for any purpose.

The judgment is therefore affirmed.

*Affirmed.*

Opinion February 8, 1889.