**WARD et al. v. HINKLE et al.  (No. 8304.)**

(Court of Civil Appeals of Texas. Galveston. April 3, 1923. Rehearing Denied May 3, 1923.)

1. **Homestead ☞139—Homestead and exempt property of deceased insolvent exempt from debts, provided constituent member of family survives.**

Upon the death of insolvent parents, or either of them, the homestead and exempt property of the community are not liable for the ordinary debts of the deceased, provided there survives a constituent member of their family.

2. **Executors and administrators ☞329(2)— Probate court has no jurisdiction over homestead property, and the sale of it by court's order to pay unsecured claim was void.**

Where an unmarried daughter was a constituent member of the family at the time of the widow's death and continued to reside on the homestead, the homestead was exempt from sale by the probate court for the payment of an unsecured claim against the estate of the deceased widow, and the administrator's sale of an undivided one-half of the homestead under order of the probate court, to satisfy the unsecured claim, was void, and his deed passed no title to the purchaser or his grantee.

3. **Partition ☞116(1)—Plaintiff held not to acquire any interest belonging to heirs not made parties to suit.**

Where, in a partition suit against heirs for an undivided one-half of 100 acres, two heirs were not made defendants, plaintiff did not acquire the interest of such two, so that, where the heirs sued owned only seven-ninths of the lands, whatever interest plaintiff obtained in the 50 acres set aside to him was only seven-ninths thereof.

4. **Judgment ☞461(1)—Legal service on defendant by publication presumed in view of lapse of time and recital of judgment, notwithstanding allegation in petition that he was resident of Texas.**

Where more than two years elapsed between the time of filing the original petition in a partition suit and the trial of the case, in which petition it was recited T. was a resident of J. county and was served with citation by publication, and the judgment rendered recited that T. was legally cited by publication, *held* that, in the absence of a showing of the nature of the service actually had in the partition suit, it will be presumed T. was legally cit-

ed by publication as recited in the judgment, notwithstanding that if such recital was true such citation by publication would not be such service on T. as would support the judgment rendered against him.

5. **Judgment ☞416—Judgment of partition held res adjudicata in suit by heirs attacking the partition and to recover possession of the partitioned land.**

In a suit by heirs to recover possession of land partitioned in a previous suit, judgment of partition *held* res judicata, where the heirs as defendants in the partition suit answered by counsel of their own choice and he acted in good faith and all of the heirs parties to the suit were properly before the court, notwithstanding that plaintiff in the partition suit based his claim to a partition of the property on an invalid administrator's deed.

6. **Partition ☞95—Judgment in partition suit against heirs held not wholly void merely because two heirs were not made parties.**

A judgment in a partition suit *held* not wholly void merely because two heirs owning two-ninths undivided interest in the land partitioned were not made parties.

On Motion for Rehearing.

7. **Pleading ☞241—Purpose of District and County Court Rule 13, relating to amended petitions, stated.**

Rule 13 (142 S. W. xviii) prescribed for the district and county courts provides that amended petitions shall give the date of the original for which they are substituted and is designed to preserve on the face of the record proper evidence of the history of the cause without resort to abandoned pleadings, and a compliance with such rule will furnish information necessary to determine when the original petition was in fact filed.

Appeal from District Court, Brazoria County; W. S. Sproles, Special Judge.

Suit by Andrew Ward and others against J. V. Hinkle and another. Judgment for defendants, and plaintiffs appeal. Reversed in part and remanded.

Warren & Conn, of Houston, for appellants. A. E. Masterson, of Angleton, for appellees.

LANE, J. This suit was instituted jointly by appellants Andrew Ward and other children and grandchildren of Ben and Louisa Ward, deceased, to recover of appellees, J. V. Hinkle and John G. Smith, title and possession of 100 acres of land situated in Brazoria county, Tex.

The plaintiffs were the only surviving heirs of Ben and Louisa Ward. Ben Ward died in January, 1892, intestate, and his wife, Louisa Ward, died in the latter part of 1909. Prior to the death of either Ben or Louisa Ward, they owned, as their community property, the 100 acres of land sued for. Ben Ward and his wife and their family resided upon

said land as their home until the death of Ben, and after his death his wife Louisa, and Martha, an unmarried daughter, continued to so reside there until the death of Louisa. Martha, the unmarried daughter, continued to reside on said premises after the death of her mother, Louisa. Louisa Ward left a will, which was duly probated, by the terms of which she bequeathed to her daughter, Martha, 12 acres of the homestead tract, upon which the dwelling house was situated, and she thereby bequeathed to each of her other six children 11 acres of said tract, and to the children of her daughters, Amanda and Nelia, who were dead at the time said will was executed, she bequeathed 22 acres, 11 acres to each set of children. At the time said will was probated, B. F. Krause was appointed by the probate court as administrator of the estate of Louisa Ward. After such appointment, Krause approved and allowed a claim of Louis J. Wilson, against the estate of Louisa Ward for $110, and the same was allowed by the court on the 12th day of July, 1910. Said claim was not secured by any manner of lien on the land involved in this suit. Upon application of the administrator, an undivided half of the land mentioned as the property of Louisa Ward was ordered sold to pay said claim of Wilson and the costs of administration. Said sale was made by the administrator to appellee J. G. Smith for a cash consideration of $600. Thereafter, to wit, on the 1st day of November, 1912, J. G. Smith, for a valuable consideration, conveyed said undivided half of the land to appellee J. V. Hinkle. On the 5th day of August, 1913, appellee Hinkle filed suit in the district court of Brazoria county against all of the surviving children of Ben and Louisa Ward, deceased, seven in number, including Tom Ward, praying for partition of said 100 acres of land between himself and the parties named: the children of Amanda and Nelia, the two deceased daughters, however, were not made parties to the suit. In his petition, Hinkle alleged that all of the defendants resided in Brazoria county except Tom Ward and his wife, Cora, and that they lived in Jefferson county, Tex. He alleged he and the seven children named were the joint owners in fee simple of the said 100 acres of land, that he owned an undivided one-half thereof, and that the seven parties sued jointly owned the other one half thereof. He alleged the source of his title to that part sued for by him and that the defendants inherited their interest from Ben Ward, deceased.

J. C. Jessup, an attorney at law, was employed by Andrew Ward, Frances Gee, Martha Ward, Anthony Ward, Rhoda Lee, and Christopher Ward, six of the seven defendants in the partition suit, to represent them therein, and he (Jessup) was appointed by the court to represent Tom Ward, who was cited by publication.

On the 7th day of September, 1913, J. C. Jessup filed a formal answer of general denial for the six defendants who had employed him, and on the 17th day of February, 1916, he filed such answer for Tom Ward, who was, as before said, cited by publication. On the 8th day of February, 1916, J. C. Jessup wrote a letter to Andrew Ward and others who had employed him to represent them in said partition suit as follows:

"February 8, 1916.

"Anthony Ward and Others, Cedar Lake, Texas—Dear Sirs: In the case of J. V. Hinkle, against you people for division and partition of the land, I have examined the records carefully, and find that there is no question about Mr. Hinkle owning an interest in the land.

"The thing that must be watched in your interest is to see that you get a fair division in the kind of land. That is, to see that Mr. Hinkle does not get the best land and leave you with the worst.

"Now you write me the names of three or four good white men who would give you a square deal, and who will be satisfactory to you in making the division, and I will try to have those you name appointed as commissioners to lay off the division.

"Very truly."

Upon trial of said partition suit the following evidence was adduced:

(1) The citation by publication to the defendants Tom Ward and Cora Ward, with the sheriff's return thereon.

(2) The records of the deeds to Ben Ward recorded in volume P, page 359, and in volume U, page 54, Records of Deeds of Brazoria county, Tex.

(3) The record and proceedings in the county court of Brazoria county, Tex., in the estate of Louisa Ward, deceased.

(4) The record of the deed from B. F. Krause, as administrator, with the will annexed, of the estate of said Louisa Ward, deceased, to John George Smith, recorded in volume 112, page 368 et seq., Records of Deeds of Brazoria county, Tex.; and the record of the deed from John George Smith to plaintiff J. V. Hinkle, recorded in volume 119, page 505, Records of Deeds of Brazoria county, Tex.

(5) The admission and agreement of the parties hereto that Anthony Ward, Chris Ward, Andrew Ward, Martha Ward, Rhoda Lee, Tom Ward, and Frances Gee are all the heirs at law of Ben Ward deceased.

(6) The admission and agreement of all the parties hereto that the land and premises described in plaintiff's petition is susceptible of fair and equitable partition.

On the 19th day of February, 1916, judgment was rendered in said partition suit, in which it is recited the plaintiff J. V. Hinkle, and the defendants Anthony Ward, Chris Ward, Andrew Ward, Martha Ward, Rhoda Lee, and Frances Gee appeared by their respective counsel and announced ready for

trial, and that Tom Ward had been legally cited and served by publication to appear and answer at the former term of court, and that he had failed to appear or answer, and that therefore J. C. Jessup, a practicing attorney, was appointed to represent him in said suit. It was adjudged therein and thereby that the plaintiff J. V. Hinkle and the defendants, Anthony Ward, Chris Ward, Andrew Ward, Martha Ward, Rhoda Lee, Frances Gee, and Tom Ward were the joint owners in fee simple of the 100-acre tract formerly owned by Ben and Louisa Ward, deceased; that J. V. Hinkle was the owner of an undivided one-half part of said land; and that the defendants were the joint owners of the other one-half undivided part thereof. It further directs that said land be partitioned between the parties to that suit. . Commissioners of partition, appointed for such purpose, made, a partition of the 100 acres of land involved in the suit awarding to the plaintiff Hinkle a specific 50 acres and to the seven defendants in that suit, jointly, the remaining 50 acres.

The partition so made was approved by the court and a decree confirming same was rendered on the 11th day of March, 1916. As already stated, the heirs of Amanda and Nelia, the two deceased daughters, were not made parties to said partition suit, and therefore their rights in said land were not affected by the judgments of title and partition rendered therein.

The plaintiffs in the present suit, including the seven parties who were defendants in the partition suit, and the heirs of Amanda and Nelia, who were not parties to said suit, alleged that they were the heirs and the only heirs of Ben and Louisa Ward, deceased; that the 100 acres of land involved was, during the life of Ben and Louisa Ward, their homestead; that it remained the homestead of Martha Ward, their unmarried daughter, after their death; that by reason of the fact that Martha, the unmarried daughter, lived with her mother, Louisa Ward, on said premises as their homestead at the time of the death of her mother and had continued to so live at all times since said death of Louisa Ward, the premises under the law became the property of the plaintiffs free from sale for the payment of the debts of Ben and Louisa Ward or of either of them; that therefore the sale made by B. F. Krause, who was appointed administrator of the estate of Louisa Ward, to Smith, was void, and that his deed to Smith conveyed no title; that the judgments and decrees rendered and entered in said partition suit were void as to all the plaintiffs in the present suit: First, because the heirs of Amanda and Nelia, who owned two-ninths interest in the land were not made parties to said suit; and, second, because Tom Ward, whose place of residence was known to the plaintiff Hinkle, was cited

by publication only. They made a direct attack on the sale by Krause to Smith and the judgments and decrees rendered in the partition suit of Hinkle, and prayed that said sale, judgments, and decrees be set aside and adjudged void and for judgment for the whole 100 acres of land involved in their suit. There were other allegations attacking the judgment rendered in said partition suit, but as they were decided adversely to appellants upon sufficient evidence, we deem reference to them unnecessary.

Plaintiffs' prayer is for title and possession of the whole 100-acre tract of land.

The defendants answered: First, by special exception saying that the plaintiffs' petition shows that they seek to avoid the judgments entered in the partition suit of Hinkle, and the probate proceedings under which the 50 acres of land were sold to Smith. That such attack was a collateral attack, which is not permissible under the law. Second, by pleading said probate proceedings and sale thereunder and the judgments and decrees rendered in the partition suit of Hinkle, in bar of plaintiffs' recovery. Third, by pleading the four-year statute of limitation in bar of the plaintiffs' attack upon the judgment rendered in said partition suit.

The cause was tried before the court without a jury on the 21st day of November, 1921, and thereupon judgment was rendered that plaintiffs take nothing as against defendants. From the judgment so rendered the plaintiffs have appealed.

Appellants substantially present the following contentions for a reversal of the judgment rendered: First, that the sale made by B. F. Krause, appointed by the probate court as administrator of the estate of Louisa Ward, is void, in that it was shown by the undisputed evidence that the land in controversy was the homestead of Louisa Ward and her unmarried daughter, Martha, at the time of Louisa's death, and that it remained the homestead of said daughter after such death; that under such circumstances the title to said land descended to the heirs of Louisa Ward free from the debts of Louisa. Second, that the judgment rendered in the partition suit brought by appellee Hinkle, against Andrew Ward and others who owned seven-ninths undivided interest only in the land in controversy, is void because the heirs of Amanda Lee and Nelia Williams, who owned two-ninths undivided interest in said land, were not made parties to said suit. Therefore the trial court erred in not setting such judgment aside upon the attack made on the same by the plaintiffs in this suit, and in not rendering judgment for the plaintiff for the whole of the land sued for. Third, that it being shown by the undisputed evidence that the heirs of Amanda Lee and Nelia Williams, the two deceased daughters of Ben and Louisa Ward, owned an undivided

two-ninths interest in the land involved in the partition suit brought by Hinkle, and that they were not made parties to said suit, the trial court should have rendered judgment in favor of said two sets of heirs for two-ninths undivided interest in said 100-acre tract of land as against the other plaintiffs and defendant Hinkle, though the other plaintiffs in the present suit are not entitled to relief by reason of the judgment in said partition suit.

The foregoing contentions will be disposed of in the order named. We sustain the first contention. The undisputed evidence shows that the 100 acres of land involved was at the time of the death of Ben and Louisa Ward their homestead; that Martha Ward, an unmarried daughter of Ben and Louisa Ward, resided with her parents upon their homestead as a constituent member of their family, up to the death of Louisa, and that after such death she continued to live upon said premises as her home; that the claim for which the land was sold under the order of the probate court was not a lien upon said land or any part thereof.

[1] It is well settled by the decisions of our Supreme Court that upon the death of insolvent parents, or either of them, the homestead and exempt property of the community are not liable for the ordinary debts of the deceased, provided there survives a constituent member of their family. Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Cameron v. Morris, 83 Tex. 14, 18 S. W. 422; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481.

[2] Martha, the unmarried daughter, was a constituent member of the Ward family at the time of the death of Louisa Ward, and under the law as settled by the authorities cited, the homestead was exempt from sale by the probate court for the payment of the only claim presented in said court against the estate of the deceased. The probate court had no jurisdiction over said homestead property, and therefore the sale made by B. F. Krause, administrator, to Smith under the orders of the probate court, was void, and his deed to Smith passed no title.

In Wilson v. Cochran, 31 Tex. 678, 98 Am. Dec. 553, it was held that the homestead is the sanctuary of the family, and all its members, and not merely for the head of the family, and that if the property belongs to one or all of the family so living together, it is not subject to forced sale.

In Childers v. Henderson, supra, it was held that it was intended by section 52, art. 16, of our state Constitution, to provide for the equal distribution of the homestead among the heirs of the owner when it shall become subject to distribution after the uses to which it is devoted have ceased; that the homestead cannot be disposed of in an administration where a constituent of the family survives, who is entitled to participate in its occupancy otherwise than by partition among the heirs of the owner, after it ceased to be a homestead for a constituent of the family and provided it so becomes subject to partition before the close of the administration; that the same homestead exemption existing in favor of the head of a family during life is continued in favor of the wife or other constituent member of the family, even if the sole survivor and the family should become otherwise extinct; and that the exemption of the homestead from forced sale extended to an unmarried daughter as constituent of the family deprives the probate court of jurisdiction over the homestead.

[3-5] Under the law established by these authorities, we think it clear that under the facts shown, the probate court of Brazoria county had no jurisdiction over said homestead property and that the sale of the one-half thereof by the administrator under the orders of the court was void, and that his deed conveyed no title to Smith. And as Smith got no title, he conveyed none by his deed to appellee Hinkle. It follows then that if appellee has any right or title to any part of the 100-acre tract, it is only such title as he has by reason of the judgment in the partition suit brought by Hinkle against parties owning only seven-ninths of said land. It is clear that he recovered, by that suit, no right or interest that the heirs of Amanda Lee and Nelia Williams had or owned in the land, as they were not parties to the suit. So if he got any interest in the 50 acres set aside to him in said partition suit, it was seven-ninths only thereof, which theretofore belonged to the parties sued. The next question then is: Did he get the rights, title, and interest of those parties sued in the partition suit, to said 50 acres? We think he did. It is shown that the suit was filed on the 5th day of August, 1913, and that the case was not tried until the 19th day of February, 1916. While it is true that it is recited in the plaintiff's original petition that Tom Ward, one of the parties against whom judgment was taken, was a resident of Jefferson county, Tex., and that if such recital be true citation by publication would not be such service on Tom Ward as would support the judgment rendered against him, we think that in view of the fact that more than two years elapsed between the time of filing the original petition in which said recital was made and the trial of the case, and in view of the further fact that it is recited in the judgment rendered that Tom Ward was legally cited by publication, in the absence of anything in the record before us to show the nature or kind of service actually had in said former suit, it should be presumed that Tom Ward was legally cited by publication as recited in the judgment, entered more than four years prior to the attack now made upon it, not by appeal, but by suit to set it aside, in which he (Tom Ward) is a party plaintiff. He must

have known the facts relative to the kind of service had upon him in said partition suit, and yet, while attacking the validity of such service, he makes no showing in support of such attack except the recital in the petition of the plaintiff in the former suit and those in the judgment in that suit, with reference respectively to the place of his residence at that time, and the kind of service had upon him. To reiterate: We think under the facts stated that legal service on Tom Ward in the partition suit should be presumed. That the other six parties, defendants in said partition suit, answered by counsel of their choice, and that he acted in good faith in making the answer and agreement he did make in their behalf, is foreclosed by the finding of the trial court in the trial of this cause. We are of opinion that all the seven defendants in the partition suit were properly before the court and that the judgment therein is res adjudicata as between them and appellee J. V. Hinkle, in so far as it determines their interest, and that of Hinkle in the 100 acres of land involved in the present suit.

[6] We do not think there is any merit in appellants' contention that inasmuch as the heirs of Amanda Lee and Nelia Williams, who owned two-ninths undivided interest in the land involved, were not made parties to the partition suit, the judgment in that suit was wholly void.

Hess v. Webb, 113 S. W. at page 624, is a case in which judgment was rendered in the trial court determining and adjudging the interest of the several parties to a suit in trespass to try title and for partition. Some parties owning an interest in the land involved were not parties to the suit. On appeal from the judgment rendered, the lamented Judge Reese, speaking for this court said:

"On motion for rehearing, it is urged that the judgment in favor of some of the parties before the court for their respective interests in the land should be allowed to stand, and the judgment should be reformed to that extent and affirmed. Upon a careful consideration again of the whole case, we are of the opinion that this should be done, as none of the errors assigned are sufficient to require a reversal of the judgment in so far as it establishes the title of some of plaintiffs against the defendant Mrs. Hess for their respective interests."

Independent, however, of what we have already said in support of the judgment in said partition suit, there is another reason why said judgment should now be held to be valid, and res adjudicata as between the parties to that suit. Defendants pleaded the four-year statute of limitation in bar of the plaintiff's attack on said judgment. It was shown that more than four years intervened between the rendition of said judgment and the filing of the plaintiff's petition in the present suit. It has been held by numerous decisions of our courts that where a judgment debtor for more than four years neg-

lects to present his petition to annul the judgment, it is properly refused on a plea of limitation. Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 901; McLane v. Bank (Tex. Civ. App.) 68 S. W. 65, 66; Foust v. Warren (Tex. Civ. App.) 72 S. W. 406; Watson v. Railway Co. (Tex. Civ. App.) 73 S. W. 830; Rose v. Darby (Tex. Civ. App.) 76 S. W. 800; Faust v. Warren, 36 Tex. Civ. App. 59, 81 S. W. 323; Holt v. Love (Tex. Civ. App.) 168 S. W. 1018.

What we have already said in discussing other contentions of appellants is sufficient answer to appellants' third contention.

The heirs of Amanda Lee, deceased, and heirs of Nelia Williams, deceased, own two-ninths undivided interest in said 100 acres of land, one-ninth to each set of heirs. Prior to the rendition of the judgment in the partition suit brought by J. V. Hinkle against Andrew Ward, Tom Ward, Frances Gee, Rhoda Lee, Martha Ward, Anthony Ward, and Christopher Ward, the last seven named owned seven-ninths undivided interest in said 100 acres of land, but by said last-mentioned suit J. V. Hinkle recovered of the seven defendants in said suit one-half of their undivided interest in the 100 acres, that is, seven-eighteenths thereof, thus leaving the seven defendants in said partition suit owners of seven-eighteenths undivided interest thereof.

Having reached the conclusion as above expressed, it becomes our duty to reverse so much of the judgment as denies to the heirs of Amanda Lee and Nelia Williams a recovery of their interest in said land, and to remand the cause, with instructions to the trial court to render judgment fixing the interest of the parties as above indicated, and to proceed with a partition of the property as provided by the statutes, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

[7] By motion for rehearing appellants complain of our finding that more than four years intervened between the date of the rendition of the judgment in the partition suit brought by J. V. Hinkle against Andrew Ward and others, to wit, February 19, 1916, and the date on which the plaintiffs' original petition in the present suit was filed, and our conclusion based upon such finding that the attack made by appellants upon such judgment was, at the time said original petition was filed, barred by the four-year statute of limitation pleaded by appellees.

After an examination of the facts pointed out by appellants in said motion for the first time, we find that we were in error in the findings and conclusions complained of in said motion. These errors on our part were induced, however, by the failure of the plaintiffs, appellants here, to comply with rule 13 (142 S. W. xviii) prescribed for the district and county courts of this state, and by the

unchallenged statement in appellees' brief as follows:

"This is a suit as contended by appellee filed on the 21st day of November, 1921, to set aside a judgment rendered in the district court of Brazoria county, Tex., on the 19th day of February, 1916, in which all the parties to this suit, except the heirs of Amanda Lee and Neely Williams, were parties."

It was shown, as stated by us in our original opinion, that the judgment in said partition suit was rendered on the 19th day of February, 1916. The only petition found in the transcript, the first amended petition, is shown to have been filed on the 21st day of November, 1921, almost six years after the rendition of the judgment in the partition suit, which is attacked by the plaintiffs in the present suit. The showing thus made gave strength to the assertion of appellees that four years had intervened between the two dates mentioned; we are therefore led to believe that the attack made on the judgment in the partition suit was barred by the four-year statute of limitation. Notwithstanding the fact that appellees had pleaded the statute of limitation and were insisting that said judgment was barred by limitation, appellant made no contention by assignment that such plea and contention was not supported by the evidence, nor was our attention otherwise directly called to the fact that appellants' contention was unsupported by the evidence; in other words, our attention was not called to the statement of facts showing the date of the filing of the original petition in the present suit. Our attention is now, for the first time, by the motion for rehearing, directed to the fact that said original petition was filed on the 19th day of February, 1919, only three years after the rendition of the judgment attacked, and as a consequence the plea of limitation in bar of appellants' attack on the same cannot be sustained.

We take this opportunity to advise counsel that such errors as were committed by us, as stated above, would no doubt be avoided in the future if rule 13 hereinbefore cited was complied with, which provides that amended petitions shall give the date of the originals for which they are substituted.

The appellate courts of our state have repeatedly stated that the purpose for rule 13 was to preserve upon the face of the record proper evidence of the history of the cause without resort to abandoned pleadings, and that a compliance with such rule will furnish all information necessary to determine when the original petition was in fact filed. T. & N. O. Ry. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Continental Fruit Exp. v. Leas, 50 Tex. Civ. App. 584, 110 S. W. 130; Moody v. Moeller, 72 Tex. 635, 10 S. W. 727, 13 Am. St. Rep. 839.

While we have now reached the conclusion that we erred in holding that appellants' attack upon the judgment rendered in the partition suit brought by J. V. Hinkle against Andrew Ward and others were barred by the statute of limitation, we see no reason to set aside the judgment rendered by us on this appeal, as it is, we think, supported upon other grounds expressed in the opinion.

We therefore refuse the motion for rehearing.