Lauretta MARBURGER, Appellant,

v.

Charles JACKSON, Appellee.

No. 866.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Sept. 19, 1974.

Donald Dailey, Jr., Tinker, Haas & Bradshaw, Corpus Christi, for appellant.

Scott T. Cook, Harris, Cook, Browning & Barker, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a statute of limitations case. Lauretta Marburger sued Clifford Jackson for damages which she alleged resulted from an assault and battery. According to the clerk's file mark which is stamped on plaintiff's original petition, the citation which was served on defendant, and a statement which appears in plaintiff's "motion to disregard findings of jury and motion for judgment," plaintiff's suit was filed on August 7, 1972. The defendant, among other defenses, pled the two-year statute of limitations (Article 5526, Vernon's Ann.Civ.St.). The jury found that

defendant committed an assault and battery upon plaintiff, that plaintiff sustained actual damages in the sum of $2,000.00, and that plaintiff's employment was "terminated" on August 6, 1970. Judgment was rendered that plaintiff take nothing. Plaintiff has duly perfected an appeal to this Court.

Two points of error are presented: 1) that plaintiff was entitled to judgment on the verdict because "as a matter of law appellant's action was not barred by the statute of limitations"; and, 2) defendant waived the defense of limitations since he did not request a submission of "an ultimate issue" as to that defense. Defendant claims that it was not necessary to submit such an issue since it was uncontroverted that the alleged assault and battery occurred on the same day that plaintiff's employment was terminated, and only the date of such termination was in issue.

Plaintiff, during the year 1969, was employed to assist defendant's mother in caring for defendant's invalid father. A few days after August 3, 1970, an argument arose between plaintiff and defendant's mother over the wages to be paid plaintiff. Defendant's mother called defendant's wife to the scene. The argument continued. Defendant's wife told plaintiff that she was fired. Defendant then came to his mother's house. After more conversation, defendant attempted to escort plaintiff off the premises. Plaintiff resisted. A scuffle ensued and plaintiff received various bruises and cuts to her head, right eye, nose, lip, upper left side of her chest, and lower left forearm.

Both defendant and his wife testified that plaintiff was dismissed from such employment on August 6, 1970, and that the alleged assault and battery took place on that day. Defendant's mother did not testify. Plaintiff did not remember the exact day of the incident, nor did she remember the date of the last day that she worked for defendant's mother and father, but she did testify that the occurrence made the basis of her suit took place on the last day

that she worked. When asked on direct examination "Were you discharged that afternoon," she answered: "I was fired, if that is what you want to call it." Plaintiff's "time book" showed that August 6, 1970 was the last day she worked for defendant's mother and father. Throughout the case, defendant, his wife, plaintiff, and their respective attorneys referred to the date of the incident when the assault and battery was allegedly committed on plaintiff as being the same day plaintiff was "dismissed", "discharged", "fired", or "released".

Special Issue No. 5 and the jury's answer thereto, reads:

"Do you find from a preponderance of the evidence, if any, that Lauretta Marburger's employment was terminated on August 6, August 7, or August 8 of 1970?

Answer by giving date.

Answer: August 6th"

Plaintiff did not object to the submission of the issue or to its form or substance.

Plaintiff, in her motion to disregard jury findings, stated: "the answer to Special Issue No. 6 is evidentiary only, and Special Issue No. 6 is not an ultimate issue", which did not inquire as to when plaintiff's cause of action arose, but inquired, instead, as to "the date of the termination of plaintiff's employment contract". The court's charge did not contain a "Special Issue No. 6", since only five (5) issues were submitted. There is no showing that the motion, which was filed on October 15, 1973, was ever presented by plaintiff to the trial judge or that it was ever ruled on by the court.

Judgment was rendered on October 26, 1973. Plaintiff, in her motion for new trial, advanced only the following grounds: the court "erred in regarding Special Issue No. 6 in connection with defendant's statute of limitations defense"; and "Special

Issue No. 6 was not an ultimate issue on Defendant's limitations defense".

The original transcript was filed in this Court on February 5, 1974. It contained, among other documents, plaintiff's original petition, the court's charge, plaintiff's motion to disregard jury findings, the judgment, plaintiff's motion for new trial and the order overruling same. Plaintiff, on May 16, 1974, filed a supplemental transcript in this Court, which contained a copy of the "Docket Sheet" of this case in the trial court. It noted that plaintiff's suit was filed on August 4, 1970.

Plaintiff now argues that the "Docket Sheet" conclusively proves that her petition was received by the clerk of the trial court before limitations had run, even though it was not marked "filed" until afterwards, and that the trial court erred in not rendering judgment for plaintiff in the amount of damages found by the jury to have been sustained by her.

A factual dispute as to when plaintiff instituted her suit did not arise in the trial court. No testimony or evidence was offered with respect to date the plaintiff's petition actually came into the custody of the clerk. Plaintiff did not assert in the trial court that the suit was actually commenced on August 4, 1972; that assertion is made for the first time in this appeal. The "Docket Sheet" was not introduced in evidence in the trial court in support of plaintiff's present contention that suit was instituted on August 4, 1972. Plaintiff, in this appeal, seeks to make a distinction between the date that suit was "instituted" by delivery of the petition to the clerk and the date that the petition was officially marked "filed".

The words "employment was terminated", as used in Special Issue No. 5, refer to the end of a status, the complete severance of the relationship of employer and employee and not to a contract of employment. See Pan American Life Ins. Co. v. Garrett, 199 S.W.2d 819 (Tex.Civ.App.—El Paso 1946, n. w. h.); 68 A.L.R.2d 36. It

matters not whether plaintiff was technically fired, discharged, dismissed, or released. The question to be resolved by the submission of the issue was simply the date when the employer-employee relationship came to an end. The only dispute was whether that day was August 6, 1970, the date testified by plaintiff and his wife, and as indicated by plaintiff's "time book"; or August 7, 1970, the date shown on a hospital record which plaintiff claims was made on the same date she was "fired" and injured; or August 8, 1970, the date shown on a police report which plaintiff says was prepared on the same day of the alleged assault and battery and discharge from her employment.

The two-year statute of limitations begins to run against an assault and battery action from the date the assault and battery occurred. Atkins v. Crosland, 417 S.W.2d 150 (Tex.Sup.1967). In a jury trial, where there is a conflict in the evidence as to when an assault and battery was committed, a defendant relying on the statute of limitations as a defense to the action brought against him, in addition to pleading the defense of limitations, must secure fact findings which sustain such plea. Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93, 99 (Tex.Civ. App.—Amarillo 1971, writ ref'd n. r. e.). But, it is not necessary for the trial court to submit an issue on an undisputed fact. Rule 272, Texas Rules of Civil Procedure; Sullivan v. Barnett, 471 S.W.2d 39, 44 (Tex.Sup.1971). Only the controlling issues made by the pleadings and the evidence need be submitted. Rule 279, T.R. C.P.

It has been held by our Supreme Court that where defendant's plea of limitation has been sustained by the trial court, and the record is silent as to the commencement of the suit, it will be presumed by the appellate court that it was filed after the lapse of the statutory period necessary to bar the action. Moody's Heirs v. Moeller, 72 Tex. 635, 10 S.W. 727 (1889); City of

**656** ■ ■■■■■■■■■■■■■■■■■■■■■■■

Fort Worth v. Rosen, 228 S.W. 933 (Tex. Comm'n App.1921, opinion adopted).

■■■ Under the circumstances here presented, we cannot consider the "Docket Sheet" as evidence which establishes as a matter of law that suit was instituted on August 4, 1972. Since no evidence was introduced in the trial court with respect to when the original petition was placed in the custody of the clerk for filing, and as the date which the clerk stamped on the petition as the date it was filed was not controverted in the trial court, the question of when the suit was instituted is not properly before us. That question, being a fact question, must, necessarily, be raised in the trial court. It cannot be raised for the first time in the appellate court.

■■■ The undisputed evidence in this case conclusively shows that the alleged assault and battery occurred on the same day that plaintiff's employment was terminated. Therefore, as the trial court did submit an issue relating to the date such employment was terminated (which the jury found to be August 6, 1970), it was not necessary to submit an issue inquiring into the date that the assault and battery took place. The answer to Special Issue No. 5 proved the defendant's limitation defense when it is considered along with the uncontradicted evidence present in the case.

■■■ If it be held that there was evidence before the trial judge relating to the date suit was instituted, such evidence conclusively shows that date to be August 7, 1972. If the record is silent concerning the commencement of the suit, since the trial judge sustained defendant's plea of limitations, we must presume that suit was instituted more than two years after plaintiff's cause of action accrued. In either event, the trial judge correctly held that plaintiff's cause of action was barred by the two-year statute of limitation.

We have considered both of plaintiff's points of error. They are each overruled.

The judgment of the trial court is affirmed.