## J. J. WOODSON v. M. A. R. ALLEN.

(Case No. 1275.)

1. LIMITATION — REGISTRATION.—Though possession of land for five years under a deed "or deeds duly registered," must be shown to successfully defend under the plea of five years' limitation, it is not essential that the deed thus registered should have been correctly copied in every particular by the recording clerk. If it is copied with sufficient accuracy to enable persons examining the record to see that the record and the deed are for the same land, it is sufficient.

APPEAL from Houston.   Tried below before the Hon.
W. D. Wood.

M. A. R. Allen, as surviving widow and sole heir of Wm.
S. Allen, brought trespass to try title in Houston county,
March 29, 1879, against J. J. Woodson and others, for
the recovery of the west half of the J. J. Thomas league.
All the defendants who answered filed disclaimers, except
Woodson, who pleaded not guilty, and limitation as to
750 acres of the west half described by metes and bounds.

The court, a jury being waived, gave judgment for ap-
pellee for title and possession of the half league sued for.

Appellant read in evidence a warranty deed from Dan-
iel Dailey to W. H. Cundiff, dated March 29, 1871, con-
veying an undivided half of the Thomas league, duly
acknowledged the same day, and recorded in Houston
county September 18, 1871.   Also a warranty deed from
W. H. Cundiff to appellant, conveying the 750 acres of
the west half described in appellant's answer; deed dated
June 25, 1872, duly attested, acknowledged same day and
recorded in Houston county same day.

John Wiley testified that he had held possession of the
land claimed by appellant and as appellant's tenant since
1872.   He made improvements on the land in 1866, "sup-
posing," as he says, "that it was vacant, and not claiming
it, but intending to surrender to the owner when he
should come."   In 1871 he leased the land from W. H.
Cundiff, and after Cundiff sold to appellant he continued
in possession and rented from appellant, and paid him
rent.   He had put in cultivation 50 or 60 acres and built
a house on the land; he had a family, and had lived on and
used and cultivated the land, claiming under appellant
and as his tenant, since 1872.   This witness was also made
defendant by appellee, but disclaimed as tenant of appel-
lant, who defended the suit.

It was admitted that the land occupied by the witness,
Wiley, was part of the 750 acres described in appellant's

deed and answer, and on the west half of the league sued for.

It was also admitted that since the date of his deed from Cundiff, appellant had regularly paid all the taxes on the land.

The petition was filed March 29, 1879.

In rebuttal, appellee read in evidence a certified copy of the record of a deed from W. H. Cundiff to appellant, of same date of the deed read in evidence by appellant, and describing the same land, except that the copy showed that one call for course and distance was left out in recording the field notes, and also a call for the north boundary line of another survey was copied as the east, as shown in the opinion.

The registration was perfect with this exception.

*H. W. Moore* and *J. R. Burnett*, for appellant.

*Nunn & Williams*, for appellee.

I. The evidence failed to develop the existence of the facts necessary to support appellant's plea of limitations under the five years' statute, in that it did not show that the deed under which he held and claimed was duly registered.

II. In order to entitle him to judgment under the five years' statute it was necessary for him to show a strict compliance with its provisions by proof of the existence of every one of its conditions. Whitehead *v.* Foley, 28 Tex., 268; Mitchell *v.* Burdett, 22 Tex., 633; Winters *v.* Laird, 27 Tex., 618.

III. Proof of a claim under a deed in the tenant's possession with one description, and under a record with another description, is not holding and claiming under a "deed duly registered." The deed and the record must be identical.

IV. A deed is not "duly registered," in the sense of the

statute of limitations, when it and the record vary in any of its material parts.    Pringle *v.* Dunn, 37 Wis., 449.

MOORE, CHIEF JUSTICE.— The first assignment of error is unworthy of serious consideration. The evidence offered by appellee was properly admissible, and in the absence of rebutting testimony warranted the verdict of the jury in her favor.

The second assignment, however, presents a question of more moment. Appellant relied for his defense, in addition to the plea of "not guilty," upon the plea of the statute of limitations of five years, under a deed duly recorded. In support of this plea, after having proved all the other requisite facts as provided by the statute, he introduced and read in evidence a deed to himself for the land, duly executed and acknowledged by the grantor for record, with a certificate of the clerk indorsed thereon, showing that the deed had been duly recorded for more than five years before the commencement of the suit. But in rebuttal, appellee read in evidence a certified copy of the record of this deed, from which it appears that the deed was inaccurately copied by the clerk by whom it was recorded. The boundary, as given in that part of the deed not correctly recorded, is as follows, to wit: " Thence east 1,344 varas with the north boundary line of T. G. Box's survey to a corner; thence south 1,344 varas with the east line of said Box's survey; thence west with said Box's south boundary," etc. In the record the first of these calls reads: " Thence east 1,344 varas with the east boundary line of T. G. Box's survey to corner." Omitting the next call in the deed, and then proceeding as in the succeeding calls in the deed.

The burthen of proof is upon the defendant setting up the defense of limitations, and to enable him to maintain his defense by reason of five years' possession, he must show that he has been in possession for the required time

under a deed or "deeds duly registered." That is, the deed must be duly acknowledged or proven for record, and registered by the proper officer in the book kept for this purpose. But we are not of the opinion that the deed must be correctly copied in every particular, or otherwise defense cannot be made under it. The copy must be sufficiently accurate to enable persons examining the record to see what land is embraced in it, and that the record and deed are for the same land. If it does this, we think it sufficient. Here this seems to be the case. The record shows upon its face that there has been a mistake in the copy of the deed. The calls in the boundaries as found in the record are self contradictory, and cannot be accurately or literally followed; but taken as a whole, we think there is no difficulty in ascertaining the land designated and included in them; it is found that it is just the land called for by appellant's deed, with the addition of the Box tract, not involved in this controversy, and which from the imperfect and erroneous boundaries given in the record, it is plainly inferable was intended not to be embraced in the deed.

In view of these considerations, we think the court erred in holding that the deed was not duly registered, within the meaning of the statute in question, and the judgment must therefore be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 28, 1881.]