# TEXAS SUPREME COURT REPORTS.

## TYLER TERM, 1890.

---

AMELIA S. HOWARD ET AL. V. JACOB STUBBLEFIELD.

No. 6543.

1. **Stale Demand.**—Evans in June, 1847, executed a transfer for one-third interest in his headright certificate for 640 acres to Howard. It was duly recorded March, 1853. Evans located the certificate in his own name. October, 1858, patent issued to Evans. Howard died in 1866, leaving a widow and minor children, who brought suit for the land August 8, 1887. *Held*, that their claim was a stale demand, and that it was not error in the court to so instruct the jury.

2. **Minority as Defense to Stale Demand.**—Under article 3225, Revised Statutes, limitation beginning in the lifetime of the ancestor is not stopped by his death in favor of his minor heirs. This rule obtains in the defense of stale demand.

3. **Executed and Executory Contracts—Limitation.**—In this case the statute of limitations began upon the issuance of the patent to Evans. The claim of Howard thereafter was an equity. In case of an executory contract, as in contract by locator for locative interest, the issuance of patent to the grantee of the certificate alone would not be an adverse act so as to cause the statute of limitations to run.

APPEAL from Runnels. Tried below before Hon. J. C. Randolph. The opinion states the case.

*Willingham, Harris & Winters,* for appellants.— 1. The court erred in that portion of the charge to the jury which reads as follows: "The jury are instructed that the plaintiffs' claim and title to the land in controversy in this suit is a stale demand, and the jury will find a verdict in favor of defendant Stubblefield against plaintiffs." This charge is erroneous for the following reasons:

(1) Because stale demand is a question of fact to be determined by the jury from the evidence, and the above is therefore a charge upon the weight of evidence.

(2) Because so much of said charge as instructs the jury that plaintiffs' claim and title is a stale demand is not correct as an abstract principle of law when applied to character of title relied on by appellants. Hemming v. Zimmerschitte, 4 Texas, 167; Smith v. Fly, 24 Texas, 352.

2. If it be true that the patent vested the legal title to the land in controversy in Alfred Evans, as assumed in the charge of the court, then he held the legal title in trust for R. A. Howard, and no cause of action accrued to Howard until the repudiation of that trust by deed from Alfred Evans to A. West in 1876. Appellants' claim would not become a stale demand until ten years after date of said sale. Renick v. Dawson, 55 Texas, 110; Keyes v. Railway, 50 Texas, 170; Houghton v. Marshall,

31 Texas, 196; Griffin v. Chubb, 7 Texas, 614; Hemming v. Zimmerschitte, 4 Texas, 167, 169; Smith v. Fly, 24 Texas, 352; Barker v. Swenson, 66 Texas, 408.

3.   The deed from Alfred Evans to R. A. Howard conveyed the legal title to an undivided one-third of the certificate.   By virtue of said deed Evans and Howard became joint owners of said certificate, their rights in and title thereto being equal to the extent of their respective interests. The location of the certificate merged it in land, the ownership of which was determined by the ownership of the certificate thus located.   Alfred Evans and R. A. Howard having owned the certificate in common, thus by its location became possessed of 640 acres of land as tenants in common.    Their titles thereto were equal.   Keyes v. Railway, 50 Texas, 170; Merriweather v. Kennard, 41 Texas, 273; Walters v. Jewett, 28 Texas, 198; Barker v. Swenson, 66 Texas, 418.

4.   The technical legal title to land remains in the sovereignty of the soil until it passes by final grant or patent.   After the location and prior to issuance of patent on the Alfred Evans certificate the legal title to the land was vested in the State of Texas, but the superior equitable title was in R. A. Howard and Alfred Evans as owners in common of the land. There was no distinction between the character of title held by them respectively.   When patent to the entire grant issued to Alfred Evans the patent passed the legal title from the State of Texas and vested it in Alfred Evans by virtue of the certificate upon which issued to the extent of his ownership of said certificate—i. e., two-thirds thereof—and in R. A. Howard by estoppel to the extent of his ownership of said certificate— i. e., one-third thereof.    Renick v. Dawson, 55 Texas, 108, 110; Keyes v. Railway, 50 Texas, 170; Mitchell v. Bass, 26 Texas, 376; 3 Washb. on Real Prop., p. 99; Van Rennselaer v. Kearney, 11 How., 325; Gould v. West, 32 Texas, 352; Johnson v. Newman, 43 Texas, 642; Mays v. Lewis, 4 Texas, 38; Merriweather v. Kennard, 41 Texas, 273; Barker v. Swenson, 66 Texas, 418.

5.   If the technical legal title to the land in controversy vested in Alfred Evans with the issuance of patent in his name thereto, then he held the same in trust for R. A. Howard to the extent of Howard's interest in the certificate, and all subsequent purchasers from Alfred Evans with notice of Howard's title thereto would take the land charged with this trust.    The deed from Alfred Evans to R. A. Howard having been recorded after the location of the certificate in the county where the land was located was a proper record, and hence subsequent purchasers from Alfred Evans were charged in law with notice of said conveyance.   Simpson v. Chapman, 45 Texas, 566; Shifflet v. Morelle, 68 Texas, 382; Hearne v. Gillett, 62 Texas, 23; Peterson v Lowry, 48 Texas, 408; McMasters v. Mills, 30 Texas, 593; Satterwhite v. Rosser, 61 Texas, 166; Murphy v. Welder, 58 Texas, 235; Henderson v. Beaton, 1 Posey's U. C., 17; Fletcher

v. Ellison, 1 Posey's U. C., 661; Watson v. Chalk, 11 Texas, 90; Houston v. Batte, 1 Posey's U. C., 31.

*W. J. Wingate* and *M. A. Spoonts*, for appellee.— 1. Whether plaintiffs' title was a legal or equitable title was a question of law for the court and not a question of fact for the jury; and the court finding that same was an equity and about forty-five years old before an effort was made to enforce it, it was his duty to so charge the jury and instruct them as he did; and the only question to be determined is, was the view of the court on plaintiffs' title correct?

2. The issuance of patent to Alfred Evans in 1858 vested the legal title to the land in him; and R. A. Howard, the ancestor of plaintiffs, claiming under a transfer of an interest in the land certificate made in 1847 had only an equity, which must have been enforced within a reasonable time, to-wit, ten years after the issuance of the patent in 1858, or it would become a stale demand and be barred by the ten years statute of limitation.

3. The issuance of the patent to Alfred Evans was itself a repudiation of the claim of plaintiffs' ancestor, and put into operation the equitable running of the statute of limitation. Keyes v. Railway, 50 Texas, 174; Hermann v. Reynolds, 52 Texas, 391; Carlisle v. Hart, 27 Texas, 350; Connolly v. Hammond, 51 Texas, 648; Lewis v. Cole, 60 Texas, 341; Parker v. Spencer, 61 Texas, 155; McKin v. Williams, 48 Texas, 89.

ACKER, PRESIDING JUDGE.—This action was brought on the 8th day of August, 1887, by the widow and children of R. A. Howard to recover a one-third interest in the Alfred Evans headright survey of 640 acres in Runnels County.

The plaintiffs claimed as heirs of R. A. Howard under a transfer executed to him by Alfred Evans, the original grantee, for one-third of the certificate in June, 1847. The transfer was recorded in Bexar County, which then included the land in controversy, on the 28th day of February, 1855. On the 8th day of March, 1853, Evans located the certificate in his own name on the 640 acres of land which includes the land in controversy, and the patent therefor was issued to him on the 27th day of October, 1858.

R. A. Howard died in 1866, leaving a widow, Amelia S. Howard, and three children, who are the plaintiffs in this suit.

Alfred Evans conveyed the entire survey by warranty deed to A. West on the 26th day of September, 1876, and West went into possession of the land and lived on it until the 8th day of September, 1883. He sold the land to A. B. Robertson, who sold and conveyed it to defendant, Stubblefield, in August, 1885.

The defendant answered by plea of not guilty, the three, five, and ten years statutes of limitation, and stale demand.

By supplemental petition the children pleaded their minority within ten

years next before the suit was brought.    There was evidence that these plaintiffs were respectively 6, 8, and 10 years old at the time of their father's death in 1866.

The court charged the jury that the plaintiffs' claim was a stale demand, and directed them to return a verdict in favor of the defendant.

It is contended that the court erred in giving this charge, " because stale demand is a question of fact for the jury, and the charge was therefore upon the weight of evidence," and because the doctrine of stale demand does not apply to the title relied on by plaintiffs.

If the court did not err in giving the charge now under consideration, other questions presented by the assignments of error become immaterial. There is no controversy about the facts, and in such case it is not a charge upon the weight of evidence for the court to instruct the jury that the evidence establishes a particular fact.    The only question arises on the application of the law to the facts.

The transfer of one-third interest in the certificate by Evans to R. A. Howard in June, 1847, was an absolute, executed conveyance, by virtue of which Howard acquired the right to locate one-third of the certificate and obtain patent therefor in his own name.    The entire certificate was located in 1853 by Evans in his own name, and patent issued thereon to him in 1858.    Howard lived for nineteen years after he acquired the right to assert his claim and obtain title to the land—thirteen years after Evans repudiated the transfer to him by locating the entire certificate in Evans' own name, and eight years after patent issued to Evans for the entire 640 acres granted by the certificate—and yet, so far as this record discloses, took no steps, did no act indicating an intention to assert any claim under the transfer from Evans.    Twenty-nine years after the patent issued to Evans, and nearly eleven years after he had sold the land and conveyed it for a valuable consideration paid by the purchaser, this suit is brought by Howard's heirs.    After the issuance of the legal title to Evans whatever right Howard had by virtue of the previous transfer of an interest in the certificate was purely equitable—the precise character of claim to which the doctrine of stale demand applies.    If the location of the entire certificate by Evans in his own name was not an act hostile to Howard's claim the acceptance of the patent by him certainly was, and Howard acquiesced in it, took no steps to avoid it and assert his claim, up to his death, eight years thereafter.    Carlisle v. Hart, 27 Texas, 350; Fuller v. Coddington, 74 Texas, 334; Frost v. Wolf, 77 Texas, 455.

In applying the doctrine of stale demand to equitable claims growing out of executory contracts, such as contracts for the location of land certificates in which it is stipulated that the locator is to have part of the land, the acceptance of the legal title by the original grantee in his own name is not such act of hostility to the equitable claim of the locator as will put the statute of limitation in operation against such claim; but the

grantee or owner of the certificate so accepting the legal title holds it to the extent of the locator's interest in trust for him, and must do something more than accept the patent issued in his name to put the statute of limitation in operation.   He must do something clearly indicating his intention to disregard the claim of the locator and repudiate the trust, either by actual possession accompanied by exclusive adverse claim openly asserted, by sale of the land, or in some other way calculated to advise the locator that his claim is not recognized.   Hodges v. Johnson, 15 Texas, 570; Gibbons v. Bell, 45 Texas, 417; Reed v. West, 47 Texas, 240; McKin v. Williams, 48 Texas, 89.

Limitation began to run against R. A. Howard, the ancestor of plaintiffs, who claimed under an executed contract, and continued to run against plaintiffs after his death, notwithstanding their minority.   Rev. Stats., art. 3225; Moody v. Moeller, 72 Texas, 637.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*