## L. C. EASTHAM v. J. D. GIBBS.

Decided January 22, 1910.

#### 1.—Limitation—Five Years—Defective Record of Deed.

It is not indispensable that a deed be correctly copied in every particular in the record in order to support the defense of limitation under the five years' statute; it is enough if the copy is sufficiently accurate to enable persons examining the record to see what land is embraced in it, and that the record and deed are for the same land.

#### 2.—Same—Case Stated.

The record of a deed was in all respects correct except that it gave the number of the block of land conveyed by the deed as 28 instead of 128 in the subdivision of the tract; but the record contained a full reference to the deed and record thereof under which the grantor claimed, in which the block number was correctly stated.   Held, the reference to the record of the former deed would prevent any person of reasonable intelligence examining the record from being misled as to what land the deed in question purported . to convey: and hence said deed was sufficient to support the five years' statute of limitation.

#### 3.—Same—As to Cotenant.

A cotenant, as well as any other person, will be barred by limitation when the adverse claimant is asserting such title and possession as to amount to notice to and an ouster of the cotenant sought to be barred.   Just what facts will amount to proof of such notice and ouster is a question of evidence dependent upon the circumstances of the particular case.

#### 4.—Same—Adverse Possession—Evidence.

The record of a deed to one cotenant of the interest claimed by another cotenant; the actual enclosure of the land under open claim of sole ownership by such grantee and the rendition of the land and payment of taxes on the whole tract in his own name, are all circumstances tending to show notice of such adverse claim and possession as would set in motion the statute of limitation in favor of one cotenant against another.

#### 5.—Same.

When once the statute of limitation begins to run against a cotenant it will not be interrupted by the conveyance by him of his interest to another; and this, though the vendee has no actual notice himself of the adverse claim and possession.

Appeal from the District Court of Haskell County. Tried below before Hon. C. C. Higgins.

*Dean, Humphrey & Powell, P. D. Sanders* and *H. G. McConnell,* for appellant.—A deed is duly registered where the description of the land conveyed therein as written into the record is such as to give notice to the owner that the party in possession and holding under the deed is claiming the land, notwithstanding the clerk may have committed error or made mistakes in transcribing the deed. Woodson v. Allen, 54 Texas, 551; Brownson v. Scanlan, 59 Texas, 226.

As to sufficiency of description in deed from Lillian C. Gibbs to L. C. Eastham as actually recorded, see Woodson v. Allen, 54 Texas, 551; Bowles v. Brice, 66. Texas, 724; Flanagan v. Boggess, 46 Texas, 335.

*Helton & Murchison* and *A. H. Kirby,* for appellee.—To support the plea of five years limitation, the deed as recorded must by its own terms, or by reference to some other registered deed, give such description of the land as identifies and locates it. Murphy v. Welder, 58 Texas, 235; Clark v. Kirby, 25 S. W., 1096; Williams v. Thomas, 18 Texas Civ. App., 472.

Possession of land by one tenant in common, in the absence of actual notice to the other joint owners of a repudiation of the trust, is the possession of all the joint owners. Teal v. Terrell, 58 Texas, 262; Moody v. Butler, 63 Texas, 210; Garcia v. Illg, 14 Texas Civ. App., 482; Phillipson v. Flynn, 83 Texas, 583; Golson v. Fielder, 2 Texas Civ. App., 400; New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 601; House & Williams, 16 Texas Civ. App., 122; Madison v. Matthews, 66 S. W., 804; Newcomb v. Cox, 27 Texas Civ. App., 583; Stubblefield v. Hanson, 94 S. W., 411; Gist v. East, 16 Texas Civ. App., 274; Scofield v. Douglass, 30 S. W., 819.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit for partition of eighty acres of land which he alleged was jointly owned by him and appellant. Appellant answered claiming the whole, specially pleading the five years statute of limitations. The court, however, found against him and ordered partition as prayed for by appellee.

It seems evident to us from the court's findings of fact and law, to which a number of errors are assigned, that the case was tried upon an erroneous theory. While the findings are not specifically so, it is to be implied therefrom in the light of the judgment that the court concluded that the deed, made the basis of appellant's plea of limitation, was so defectively recorded as to render the plea unavailable. In this we think there is error, as pointed out in the first assignment. The findings show, and it seems undisputed, that appellant Eastham and W. R. Gibbs, a brother of appellee, purchased the land in controversy on the 18th day of March, 1890, from W. R. Moore, the common source of title herein. The deed was duly recorded in Haskell County, April 2, 1890, and thus describes the land: "All that tract or parcel of land situated in Haskell County, Texas, being eighty acres, known as block 128, subdivision of the Peter Allen 2/3 league

survey No. 140, abstract No. 2, certificate No. 136, patent No. 165, vol. 17, as shown by map of said subdivision recorded in book M7, deed records of Haskell County, Texas." W. R. Gibbs died in Huntsville, Texas, March 21, 1896, leaving a written will afterwards duly probated in which he named his wife, Lillian C. Gibbs, as independent executrix. On the 19th day of May, A. D. 1898, said Lillian C. Gibbs, as such independent executrix, executed and delivered to L. C. Eastham, for a consideration of two hundred dollars, a deed conveying in terms property therein described as follows: "All that certain tract or parcel of land situated in Haskell County, Texas, being eighty acres known as block No. 128, subdivision of the Peter Allen 2/3 league survey No. 140, abstract No. 2, certificate No. 136, patent No. 165, vol. 17, as shown by map of said subdivision recorded in book M7, deed records of Haskell County, Texas, except so much of said tract or lot of land as is owned by said L. C. Eastham as appears by the deed of W. R. Moore to said L. C. Eastham and W. R. Gibbs of record on pages 170 and 171, book 14, Haskell County record of deeds." This deed was duly acknowledged, and was recorded in Haskell County on the 23d day of May, 1898. The deed was in all things correctly recorded save that the block number was given in the record as 28 instead of 128 as given in the deed.

Both the findings and the evidence further show that in July, 1898, Oscar Martin, by direction of appellant, took actual possession of the land in controversy and caused it to be enclosed by a fence, and thereafter until November, 1904, leased the land for the use and benefit of appellant and also rendered and paid all taxes thereon for him. Appellant testified that from the time of the original purchase from Moore until the time of his purchase from the independent executrix he had paid all taxes for the land in the name of Eastham & Gibbs, but that shortly before the purchase from Mrs. Gibbs he had written to Mr. Martin, who was an attorney at law looking after the land in this suit together with some other lands, and asked him to find out whether or not W. R. Gibbs had ever transferred his one-half interest in the eighty acres of land; that Martin replied that he found no transfer of any kind; that he thereupon took the conveyance from Mrs. Lillian Gibbs and thereafter directed the rendition and payment of taxes in his own name, claiming the whole of the land as his own.

Appellee deraigned title to the one-half interest claimed by him as follows: First, deed of trust from W. R. Gibbs to J. W. Carey, trustee, dated January 17, 1895, conveying, among other property, the land in controversy. This deed was properly acknowledged, and filed for record in Walker County, Texas, on the same day, but it does not appear to have been recorded in Haskell County. Second, deed from J. W. Carey, trustee, conveying an undivided one-half interest in the eighty acres of land described in appellee's petition, to Leon and H. Blum, dated February 9, 1895, duly acknowledged, and recorded in Haskell County, April 19, 1895. Third, deed from Leon and H. Blum to Hyman Blum, trustee, on March 21, 1895, acknowledged and recorded in Haskell County, April 19, 1895, conveying property as in deed last mentioned. Fourth, deed from Hyman Blum, trustee, to the Leon and H. Blum Land Company, dated February 29, 1896,

duly acknowledged, and filed for record in Haskell County, April 14, 1896, conveying an undivided one-half interest in the land described in plaintiff's petition. Fifth, deed from Leon and H. Blum Land Company to appellee Jeff D. Gibbs, dated the 14th day of October, 1898, duly acknowledged, and recorded in Haskell County on May 22, 1908, conveying, among other property, the undivided one-half interest in the land described in appellee's petition.

The findings are thus stated that among other things it may be seen that the court evidently gave consideration to the fact the deed, made the basis of appellant's plea of limitation, was defectively recorded. In disposing of a similar objection to the operation of the five years statute of limitation it was said by our Supreme Court in Woodson v. Allen, 54 Texas, 551, that "we are not of the opinion that the deed must be correctly copied in every particular or otherwise defense can not be made under it. The copy must be sufficiently accurate to enable persons examining the record to see what land is embraced in it, and that the record and deed are for the same land. If it does this, we think it sufficient." See also Udell v. Peak, 70 Texas, 547. Tested by the rule so stated, we think it scarcely to be doubted that the record of the deed from Mrs. Lillian Gibbs to appellant was sufficient, if otherwise supported, to sustain appellant's plea of the five years statute. The record was in all respects accurate save only in the reference to the block. While the block number as stated was given in the record as 28 instead of 128 as in the deed, the record contained the further reference made in the deed to the conveyance from W. R. Moore to appellant and to W. R. Gibbs, giving the pages of the Haskell County record upon which the deed of Moore appeared and in which the block number was correctly stated. Any person, therefore, of reasonable intelligence examining the record of the deed from the independent executrix to appellant could not be misled as to what land the deed purported to convey. If so, it can not be said that appellant's plea of limitation was unsupported because alone of the defective record of the deed upon which his plea was based.

From the findings it is further evident that the court based his judgment in part, at least, upon the further fact, complained of in the fifth assignment, that appellee had no notice of an adverse holding of the land in controversy on appellant's part. We, however, disregard such finding as immaterial and insufficient as an obstacle to the operation of the statute. While it is very generally held that for one cotenant to bar the right of another cotenant the latter must have actual notice of the adverse claim or be actually ousted, yet, as said in the case of Portis and Wife et al. v. Hill, administrator, 3 Texas, 279, "There is no case in which a private individual will not be barred by an adverse possession continued for the period prescribed as constituting a bar under the statute of limitations." A cotenant, therefore, as well as another may be barred provided the adverse claimant is asserting such title and possession as to amount to notice to and an ouster of the cotenant sought to be precluded. Just what facts will amount to proof of such notice and ouster is a question of evi-

dence dependent upon the circumstances and facts of the particular case.

But admitting the rule in all of its strictness, notice to and ouster of appellee seems immaterial inasmuch as the court finds, and it is undisputed in the record, that appellee's title was acquired after and not before appellant's adverse claim and possession, if any, began. Appellant began his claim of sole ownership, actually enclosing the land, etc., upon the receipt and record of his deed from Lillian C. Gibbs, as independent executrix, as early as the 23d day of May, 1898. At this time the title to the undivided one-half interest claimed by appellee was in appellee's grantor, the Leon and H. Blum Land Company. The land company, therefore, and not appellee, was the co-tenant of appellant at the time his adverse possession, if any, began, and there is nothing in the record indicating that said land company may not have had full notice of appellant's claim. The record of appellant's deed purporting to convey the interest acquired by the company; the actual inclosure of the land under open claim of sole ownership; the rendition and payment of taxes in his own name, were at least circumstances tending to show notice and such adverse possession as would give right of action to the land company, and if so, limitation as to that company certainly began. Church v. Waggoner, 78 Texas, 200; Cryer v. Andrews, 11 Texas, 170; Puckett v. Mc-Daniel, 8 Texas Civ. App., 630 (28 S. W., 360). It therefore appears to be immaterial that thereafter appellee was not also given additional notice of appellant's adverse claim, for once the statute of limitation begins to run it is clear that it will not be interrupted in behalf of a subsequent purchaser objecting to its operation for want of notice.

We conclude that the assignments mentioned must be sustained and the judgment reversed and the cause remanded for a new trial.

*Reversed and remanded.*