ROBERT G. CONDRA ET AL. V. GROGAN MANU-
FACTURING COMPANY ET AL.

No. A-2690. Decided October 25, 1950.
Rehearing overruled November 22, 1950.
(233 S. W., 2d Series, 565.)

*C. B. Cain,* of Liberty, *Lane & Anderson, Wardlow Lane* and *J. R. Anderson,* all of Center, for Petitioners, Condra et al.

The Court of Civil Appeals erred in holding that as a matter of law that the possession, use and occupancy by petitioners (the Condras) of the 49.5 acres of land in controversy did not impute to Grogran Manufacturing Company (a stranger to the title) at the time it purchased the interests of the four Smith brothers notice that petitioners were asserting title to said land under the partition agreement theretofore entered into by them and Grogan's said grantors. Cardwell v. Shifflet, 294 S. W. 519;

Boedefeld v. Johnson, 201 S. W. 1027; Mainwarring v. Templeman, 51 Texas 205; Allday v. Whitaker, 66 Texas 669, 1 S. W. 794.

*Vinson, Elkins & Weems, C. M. Hightower, W. B. Browder, Jr.,* all of Houston, for Respondents, Grogan Manufacturing Company.

The Court of Civil Appeals erred in holding that the oral partition for the tract of land between the Condras and their tenants in common whereby the Condras obtained the 49.5 acre tract, operated as a disseisin and ouster of the cotenants and set the limitation statute in operation so that it would run against respondents by reason of the possession of the Condras at the time respondents purchased from the other cotenants. Collum v. Sanger Bros., 98 Texas 162, 82 S. W. 459; Gilkey v. Peeler, 22 Texas 663; Marshburn v. Stewart, 254 S. W. 942.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Petitioners Robert G. Condra and others sue respondents Grogan Manufacturing Company and others for the title and possession of a tract of land containing 49.5 acres in Liberty County, asserting ownership through a parol agreement of partition and by adverse possession, and against respondent Grogan Manufacturing Company through partition by ratification and estoppel. The trial court, after the introduction of the plaintiffs' evidence and the defendants' documentary evidence, withdrew the case from the jury and rendered judgment in favor of the plaintiffs, Condra and others, against the defendants, Grogran Manufacturing Company and others, for an undivided 55/240 interest in the 49.5 acre tract of land, together with judgment against certain of the defendants for a part of the value of oil and gas which had been produced.

Both the plaintiffs and the defendants appealed from the trial court's judgment and the Court of Civil Appeals reversed that judgment, rendering judgment in part and in part remanding the cause to the district court. 228 S. W. 2d 588.

The Court of Civil Appeals held: That no partition was effected by agreement or by ratification or by estoppel; that the evidence raised an issue or issues of fact as to adverse possession of the 49.5 acre tract by petitioners against George H., Henry W. and John A. Smith, and against Grogan Manufacturing Company as their vendee; that the evidence raised no issue of fact as to adverse possession against Mrs. Jessie Davenport

and her children, and no issue of fact against Willie Lee Smith, non compos mentis, or against Grogan Manufacturing Company as vendee of Willie Lee Smith by guardian's deed; and that according to the evidence before the court respondent Grogan Manufacturing Company acquired by guardian's deed the interest of Willie Lee Smith in the land. Other rulings of the Court of Civil Appeals relate to the admission or the exclusion of evidence.

Two applications for writ of error were granted, one by Condra and others, who were plaintiffs in the trial court and who are referred to herein as petitioners, and the other by Grogan Manufacturing Company, which was a defendant in the trial court and is referred to herein as respondent.

The 49.5 acre tract of land in controversy is the east part of a tract of 239 acres formerly owned by Dan A. Smith and his wife, Nancy E. Smith, who had six children, George H., Henry W., John A., W. J., Willie Lee, and Harriett. The daughter, Harriett, married Robert M. Condra, and five petitioners, Robert G. Condra and others, are their children and heirs. W. J. Smith died intestate, leaving a child and a widow, who by another marriage became Mrs. Jessie Davenport. Dan A. Smith died intestate January 20, 1891. His widow, Nancy E. Smith, continued to live on the 49.5 acre tract, and at the time of her death intestate on August 2, 1921, her son-in-law, Robert M. Condra (Harriett Condra having died January 8, 1921) and the five Condra children, who are petitioners herein, were living with her on the land in controversy.

Immediately after the death of Mrs. Nancy E. Smith the Condras entered into a parol partition agreement with George H., Henry W. and John A. Smith, by which it was agreed that the Condras should take and hold jointly as their property the 49.5 acre tract on which they resided and which was known as the home place, and that the other parties to the agreement should take and thereafter own jointly the balance of the 239 acre tract. If Willie Lee Smith participated in the agreement of partition, he was not bound by it because he was non compos mentis. Mrs. Davenport took no part in the agreement of partition. The parties to the agreement had lost touch with her and believed that any interest she may have had in the land had terminated when her husband and her child died. They thought that there were but five interests, being the three owned by George, Henry and John Smith, the interest owned by Willie Lee Smith and the interest owned by the Condras.

There is evidence at least tending to prove that from the time the agreement of partition was made until the house on the land burned in 1940 the Condras resided on the 49.5 acre tract and openly used, possessed, cultivated and improved it, claiming it as their own.

In 1927 and 1928 respondent Grogan Manufacturing Company acquired for value and by warranty deeds the undivided interest of George, Henry and John Smith in the 239 acre tract, each deed describing the land as an undivided one-fifth interest; and in 1927 it acquired by guardian's deed the interest of Willie Lee Smith.

No points are presented in the applications for writ of error questioning the correctness of the decisions of the Court of Civil Appeals that the attempted parol partition was ineffective; that under the evidence there was no partition by estoppel; and that the evidence proved acquisition by respondent Grogan Manufacturing Company of the interest of Willie Lee Smith. These questions will not be discussed.

Careful examination of the briefs and the statement of facts convinces us that no issue of fact is raised as to ratification by respondent Grogan Manufacturing Company of the oral agreement of partition that was made between the three Smith brothers and the Condras. There is no evidence of a formal ratification by the manufacturing company and no proof that it actually knew that such an agreement had been made. The extent of the evidence relied upon by petitioners as tending to prove ratification is that Grogan Manufacturing Company, after it obtained the deeds from the three Smith brothers and from the guardian of another brother conveying to it their interests in the 239 acre tract, caused a line to be surveyed and marked near the west line of the 49.5 acre tract on which the Condras were living, and cut and removed timber from the land west of that line, but made no effort to cut any trees east of the line. There was good, merchantable timber on the west part of the 239 acre tract, and very little timber on the 49.5 acre tract, none of it of considerable value, most of that area being in the prairie. Under these circumstances, and especially when there is no evidence that the manufacturing company had knowledge that an agreement of partition had been made, the action of that company in cutting and removing timber has, in our opinion, no probative value as a circumstance to show an intention to ratify the agreement.

■ The points most seriously presented by the parties relate to petitioners' claim of title by adverse possession. The parol agreement of partition between the three Smith brothers and the Condras has an important bearing upon that question. The Court of Civil Appeals correctly held that after the agreement was made the possession by the Condras was adverse and hostile as to George H., Henry W. and John A. Smith. This is true because, as expressed in the opinion of the Court of Civil Appeals, the agreement "operated as a full and complete notice to the three Smith brothers * * * that thereafter the Condras' possession and use of the premises was under their claim of ownership outright for the 49.5 acre tract. * * * As to the three Smith brothers, George H., Henry W. and John A., this statement [the agreement] operated as disseisin of the three Smiths named, since it was a complete and unequivocal repudiation of the relationship of cotenancy between them and the Condras." The agreement was in substance that thereafter the Condras should take and hold the 49.5 acre tract jointly as their property, and that the other parties to the agreement, the Smith brothers, should take and thereafter own the balance, the west part of the 239 acre tract. Being parties to the agreement, the Smith brothers knew that after the agreement was made the possession of the 49.5 acre tract was no longer possession as cotenants. On the making of the agreement the Condras' possession of that tract became adverse and hostile and limitation began to run against the three Smith brothers. Republic Production Co. v. Lee, 132 Texas 254, 262, 121 S. W. 2d 973; Stiles v. Hawkins (Com. App.) 207 S. W. 89, 95.

■ We approve also the holding of the Court of Civil Appeals that, inasmuch as possession of the 49.5 acre tract by the Condras became adverse to the three Smith brothers when the agreement of partition was made and the statute of limitation began to run against them at that time, the operation of the statute was not affected by their conveyances to Grogan Manufacturing Company. As has been said, the agreement of partition operated as full notice to the three Smith brothers that thereafter the Condras' possession and use of the 49.5 acre tract was under their claim of ownership outright and not as cotenants. The evidence is that the Condras remained in possession of the land and were possessing and using it in the same way and under the same claim of ownership when the deeds were made conveying the interests of the three Smith brothers in the 239 acre tract to Grogan Manufacturing Company.

In Eastham v. Gibbs, 58 Texas Civ. App. 627, 125 S. W. 372, Eastham, although a cotenant with Leon & H. Blum Land

Company, asserted full ownership under a deed, entered into possession, enclosed the land and paid taxes on it, and the court treated these acts as circumstances tending to show notice and such adverse possession as would cause limitation to run against the land company. Gibbs acquired the land company's title after limitation had begun to run against the company. The court held that the question of notice to and ouster of Gibbs was immaterial because his title was acquired after and not before Eastham's adverse claim and possession began. In so holding the court said, through Chief Justice Conner: "It is immaterial that thereafter appellee was not also given notice of appellant's adverse claim, for once the statute of limitation begins to run it is clear that it will not be interrupted in behalf of a subsequent purchaser objecting to its operation for want of notice." See also Boedefeld v. Johnson, 201 S. W. 1027, 1029. The ruling in these cases is in principle the same as that of the decisions holding that where adverse possession commenced during the lifetime of a deceased owner, the running of the statute against his heir is not suspended by reason of the fact that the heir is a minor or is of unsound mind. Moody's Heirs v. Moeller, 72 Texas 635, 10 S. W. 727; Johnson v. Schumacher, 72 Texas 334, 12 S. W. 207; Thompson v. Jones, 77 Texas 626, 14 S. W. 222; Huling v. Moore, 194 S. W. 188, 194, application for writ of error refused. These decisions have their origin in Article 5544 of the Revised Civil Statutes, part of the limitation statutes, but the rule obtains also in the defense of stale demand. Howard v. Stubblefield, 79 Texas 1, 14 S. W. 1044.

■ The Court of Civil Appeals held that limitation did not begin to run against Grogan Manufacturing Company "as regards the interest" that it acquired from Willie Lee Smith from the date that it acquired that interest, and that the use and possession "of his interest" by the Condras was still that of cotenants. The reason given by the Court of Civil Appeals for this ruling is that Willie Lee Smith was of unsound mind when the agreement of partition was made and his interest was on that account unaffected by the agreement, and that his interest was lawfully acquired by the manufacturing company. We do not agree with this holding. It disregards the fact that Grogan Manufacturing Company as vendee of the three Smiths was charged with knowledge of the character of the Condras' claim. In other words, it disregards the ruling of that Court, made also the ruling of this Court, that limitation which had begun to run against the three Smith brothers continued to run against the manufacturing company, their vendee.

■ The Condras' possession and use was not possession and use of undivided interests in the 49.5 acre tract. They possessed and used the land. Their claim after the agreement of partition was made was not a claim of ownership of undivided interests in the tract of land. It was a claim of sole ownership. Since knowledge of the character of the Condras' possession and claim to the land was imputed to Grogan Manufacturing Company as vendee of the interests of the three Smiths, there was no necessity for new notice or other notice to it when it acquired the interest of Willie Lee Smith.

■ A different question of limitation is presented as to the interest that was inherited by Mrs. Davenport from her husband, W. J. Smith, and their child. She was not a party to the agreement of partition and neither she nor her heirs, who were her husband, A. Davenport, and their two children, are shown to have had actual knowledge that the Condras were claiming the 49.5 acre tract adversely to them. This being true, the possession of the Condras did not become adverse to Mrs. Davenport and her heirs unless the acts of the Condras in the assertion of adverse claim were of such unequivocal notoriety as to charge the Davenports with notice. Phillipson v. Flynn, 83 Texas 580, 19 S. W. 136; Stiles v. Hawkins, (Com. App.) 207 S. W. 89; Moore v. Knight, 127 Texas 610, 94 S. W. 2d 1137; Republic Production Co. v. Lee, 132 Texas 254, 121 S. W. 2d 973; Bruni v. Vidaurri, 140 Texas 138, 147, 166 S. W. 2d 81; 1 Am. Jur. pp. 822-824, Sec. 53. There has been much elaboration of this rule in the above cited authorities and in other cases. One of the most thorough statements of it appears in Republic Production Co. v. Lee, 132 Texas 254, 121 S. W. 2d 973. The foregoing and other authorities show that possession of a cotenant will be presumed to be in his right as cotenant and that acts relied upon to establish an ouster of his cotenants and to start the running of limitation against them must be of such unequivocal nature and so distinctly hostile to their rights that the intention to disseize is clear and unmistakable. Since there will probably be other evidence on another trial, it is unnecessary to enter into a discussion of the evidence in the record before us. It is sufficient to express the conclusion, after careful consideration of the evidence, that proof was not made of an act or acts on the part of the Condras, in asserting entire ownership, so notorious and unequivocal as to raise an inference of notice to Mrs. Davenport and her heirs. We therefore approve the holding of the Court of Civil Appeals that the evidence fails to support petitioners' contention that their possession and use of the 49.5 acre tract became adverse to Mrs. Davenport and her heirs.

The applications for writ of error present two questions as to the admissibility of evidence. After careful consideration of the briefs and the record, we approve the disposition made of these two questions by the Court of Civil Appeals. 228 S. W. 2d 588, 599-600.

The judgment of the Court of Civil Appeals is affirmed, the new trial in district court to be consistent with this opinion.

Costs in this Court are taxed against respondent Grogan Manufacturing Company and costs in the Court of Civil Appeals are taxed one-half against petitioners Condra and others and one-half against respondent Grogan Manufacturing Company.

Opinion delivered October 25, 1950.

MR. JUSTICE GARWOOD, joined by Justice Hart, dissenting.

My only point of disagreement with the majority opinion is its holding that, with respect to the undivided interest which Grogan Manufacturing Company (hereinafter called "Grogan") purchased from the guardian of Willie Lee Smith, n.c.m., the statute of limitations began to run against Grogan and in favor of the Condras from the date of such purchase, although the statute was admittedly never in operation against the incompetent, as it was against his three competent brothers.

The reason for upholding the Condra claim to the undivided interests owned by the three brothers and sold by them to Grogan, is that the invalid partition, followed by the Condra occupancy, was yet enough to set the statute of limitations in motion against the brothers, and that, once set in motion, it was not interrupted by their sale to Grogan, regardless of whether Grogan had or had not any sort of notice of the Condra claim. The theory of Eastham v. Gibbs, 58 Texas Civ. App. 627, 125 S. W. 372, relied upon in the majority opinion is not one of knowledge imputed to the purchaser but that limitations is, to borrow the language of learned counsel for the Condras, "a rule of law", which, once set in motion, is not interrupted by even a good faith purchase, however much such a purchase may avail as against hidden equities.

But while the majority seems to follow this view in discussing the matter of Grogan's title acquired from the three brothers, it takes another course on reaching the question of Grogan's title from the incompetent brother. The latter reasoning is that, although limitations never began to run against the

incompetent, as it did against his brother, yet when Grogan purchased from the guardian, Grogan was already "charged with notice of the Condra repudiation of the cotenancy, since Grogan had purchased from the three competent brothers who in turn had actual notice, and thus Grogan's interest purchased from the guardian came under the operation of the statute from the moment this latter purchase was made. It is said that this knowledge of or notice to Grogan of the repudiation of co-tenancy by the Condras was "constructive", or, in short, that Grogan had neither knowledge nor reason to seek it, but should be treated as if it did have, simply because Grogan was the unfortunate purchaser of a worse title from the brothers than it had reason to think it was getting. Certainly the content of Grogan's deed from the brothers did not suggest any claim of the Condras, nor is there any general principle of law that charges a purchaser with all his vendors know but fail to dis-close. It is not argued that the mere possession of the Condras gave the constructive notice. Such might be the case if we take the language of Collum v. Sanger Bros., 98 Texas 162, 82 S. W. 459, 83 S. W. 184, to be the law, but the majority opinion does not lean at all on that decision, and I think rightly so. Neither Eastham v. Gibbs nor any other case cited in the majority opinion holds that a purchaser from a cotenant, against whom the statute of limitation is running, acquires by his mere pur-chase constructive notice of the limitation claim, either as to the interest thus purchased or an interest he may later pur-chase from another cotenant. It is one thing to say that, once that statute begins to run, it continues to run even though the subject matter may pass to a good-faith purchaser. It is another thing to say that because the statute continues thus to run, the erstwhile bona fide purchaser has constructive notice of the claim. Once the statute starts to run, its continuance does not depend on notice of any kind or the absence thereof. It continues to run under its own power.

It seems harsh enough in a situation like the present to defeat the title of the purchaser to the interest purchased from the three brothers, considering that he paid value, found the pos-session of the adverse claimant to be consistent with the record title and is obviously less careless than the claimant, who failed to write and record the partition agreement upon which he relies. I consider it unjust to go still further and hold that his innocent purchase of an undivided interest, against which a secret limitation claim happens to be maturing, of itself charges him with knowledge that there is an adverse claim to every other undivided interest he may purchase in the same land, even

390

though the statute has never started to run against the vendor of the latter.

Opinion delivered October 25, 1950.

Rehearing overruled November 22, 1950.

Justice Smith not sitting.